**JEFFBOAT, INC., Petitioner,**

v.

**Robert MANN, and Director, Office of Workers Compensation Program, United States Department of Labor, Respondents.**

No. 88–1583.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 28, 1988.

Decided May 31, 1989.

---

C. David Johnstone, Alagia, Day, Marshall, Mintmire & Chauvin, New Albany, Ind., for petitioner.

Inez Alfonzo–Lasso, U.S. Dept. of Labor, Office of the Sol., Washington, D.C., for respondents.

Before CUMMINGS and FLAUM, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

FAIRCHILD, Senior Circuit Judge.

This petition for review of a decision by the Benefits Review Board (the BRB) presents a single issue: under the Longshore and Harbor Workers' Compensation Act (the Longshore Act [1]), when does the thirty day period for filing an appeal to the BRB from an adverse decision by an Administrative Law Judge (ALJ) begin? The BRB dismissed Jeffboat's appeal as untimely, holding that the period began the day the ALJ's order was filed in the office of the Deputy Commissioner, notwithstanding the Deputy Commissioner's failure to mail Jeffboat's counsel a copy of the order.

■ The facts are undisputed. In 1982, Robert Mann, a first class welder working for Jeffboat, Inc., in Jeffersonville, Indiana, filed a claim alleging that Jeffboat had fired him in violation of the Longshore Act. A hearing was held before an ALJ in 1986, and in 1987 Jeffboat was ordered to rehire Mann and pay him backwages. Jeffboat timely moved that the ALJ reconsider. By order dated August 4, 1987, the ALJ granted Jeffboat's motion, yet reconfirmed his earlier decision and order in favor of Mann in all respects. *See* 20 C.F.R. § 802.206(d). On August 14, the order was filed in the office of the Deputy Commissioner, who then sent a copy to Mann (who was representing himself) and to Jeffboat, but not to Jeffboat's counsel. The copy received by an employee of Jeffboat was evidently not brought to the attention of Jeffboat's counsel, who did not learn that the motion for reconsideration had been decided until September 23, 1987, during a

---

**1.** 33 U.S.C. § 901, *et seq.* (1986) (Changed from    "Longshoremen's" in 1984. Pub.L. 98–426).

telephone conversation with the Deputy Commissioner.

On October 22, 1987—more than thirty days after the order was filed in the Deputy Commissioner's office, but less than thirty days after Jeffboat's counsel learned of the ALJ's decision or received a copy—Jeffboat filed a notice of appeal. The BRB dismissed the appeal, holding that the notice was untimely under 20 C.F.R. § 802.205, since it was filed more than thirty days after the ALJ's order was filed in the Deputy Commissioner's office, and that improper mailing did not extend the time limit. Jeffboat now appeals. We have jurisdiction under 33 U.S.C. § 921(c).

According to § 921(a) of the Longshore Act, an ALJ's order becomes effective when it is "filed" in the Deputy Commissioner's office "as provided in § 919" of that title, and, unless proceedings for the suspension or setting aside of the order are begun, it becomes final and unappealable thirty days later. 33 U.S.C. § 921(a).[2] Section 919(e) (the only portion of § 919 which mentions filing) provides that the compensation order "shall be filed in the office of the deputy commissioner, and a copy thereof shall be sent by registered mail or by certified mail *to the claimant and to the employer....*"[3] Department of Labor regulations require the Deputy Commissioner, after receiving the order, to date and file it, and on the same day send a copy to the parties *and their representatives, if any.* 20 C.F.R. § 702.349 (1973) (emphasis supplied).

Jeffboat argues that the "filing" contemplated in § 921(a) before an order becomes effective includes *both* filing in the office of the deputy commissioner *and* mailing of a copy of the order to the claimant and employer, as required in § 919(e). While it is certainly not the only way to read the statute, we agree that Jeffboat's interpretation of the statute—that § 921(a)'s requirement of filing "as provided in section 919" means filing of the order is not complete until the claimant and employer are mailed copies pursuant to § 919(e)—is at least arguable. *See Patton v. Director, Office of W.C. Prog. etc.,* 763 F.2d 553, 556 (3d Cir.1985) ("configuration [of §§ 921(a) and 919(e)] strongly suggests that proper service is an essential part of the filing process").[4] We can assume without deciding that Jeffboat's interpretation is the correct one, since both the claimant and the employer *were* timely mailed copies of the order in this case.

Jeffboat argues, in substance, that the regulation § 702.349, insofar as it requires mailing both to the parties and their representatives, is a reasonable administrative construction of what constitutes mailing to the parties. So construed, mailing to Jeffboat without mailing to its counsel did not satisfy the statute, and the order did not become effective, nor the thirty day period begin to run.

The government responds that under the statute, filing and mailing of copies are simply unrelated acts, and that filing of the order is accomplished regardless of proper mailing of copies. Alternatively, it argues that if the regulation conditions effective filing upon proper mailing to the parties' representatives, it has gone beyond the statutory mandate, and is invalid. The government cites *Insurance Co. of North America v. Gee,* 702 F.2d 411 (2d Cir.1983). Faced with a case essentially identical to

---

**2.** The full text of § 921(a) reads:

A compensation order shall become effective when filed in the office of the deputy commissioner as provided in section 919 of this title, and, unless proceedings for the suspension or setting aside of such order are instituted as provided in subdivision (b) of this section, shall become final at the expiration of the thirtieth day thereafter.

**3.** (Emphasis added.) § 919(e) reads:

The order rejecting the claim or making the award (referred to in this chapter as a compensation order) shall be filed in the office of

the deputy commissioner, and a copy thereof shall be sent by registered mail or by certified mail to the claimant and to the employer at the last known address of each.

**4.** It is also arguable that the direction to file the order and the direction to mail copies of the order were intended to be distinct. Section 919(e) simply prescribes two acts which are to be performed: the order "shall be filed" and a copy "shall be sent." It does not explicitly make mailing part of filing. .

this one, the Second Circuit at least assumed, if it did not hold, that § 919(e) includes mailing as part of filing, but held that in adopting a regulation which required an additional mailing before an order becomes effective, the Secretary exceeded his authority. *Id.* at 414.

■ We conclude that a careful reading of the regulation in question shows that it will not support the interpretation Jeffboat presses upon it. This regulation does not condition effective filing of an order upon the mailing of copies. Whether or not the government is correct in arguing that the *statute* means that mailing and filing are distinct acts, the *regulation* certainly does. It reads as follows:

> The administrative law judge shall, within 20 days after the official termination of the hearing, deliver by mail, or otherwise, to the office of the deputy commissioner having original jurisdiction, the transcript of the hearing, other documents or pleadings filed with him with respect to the claim, together with his signed compensation order. Upon receipt thereof, the deputy commissioner, being the official custodian of all records with respect to such claims within his jurisdiction, shall formally date and file the transcript, pleadings, and compensation order (original) in his office. *Such filing* shall be accomplished by the close of business on the next succeeding working day, and the deputy commissioner shall, *on the same day as the filing was accomplished,* send by certified mail a copy of the compensation order to the parties and to representatives of the parties, if any. Appended to each such copy shall be a paragraph entitled "proof of service" containing the certification of the deputy commissioner that the copies were mailed on the date stated, to each of the parties and their representatives, as shown in such paragraph.

20 C.F.R. § 702.349 (emphasis added). The regulation does not define "filing," nor does it include proper mailing as part of filing. The regulation specifies which documents are to be filed and that before filing they should be formally dated.

While the regulation does add that the parties' representatives should be sent copies along with the parties, the language of the regulation does not make proper mailing part of filing: the regulation mandates that the copies be sent "on the same day *as the filing was accomplished*"; if filing is not complete until copies are mailed to the parties' representative, the distinction would make no sense.

Accordingly, we reach the same result as *Gee*, but by a slightly different route. There, the court apparently assumed that the regulation in fact conditioned effective filing upon mailing a copy to both the parties and their representatives. Because we don't read § 702.349 as placing such a condition on filing, we need not reach the further question of whether its requirement of mailing to both the parties and their representatives is a reasonable construction of § 919(e). *Compare Patton,* 763 F.2d at 558–59 with *Gee,* 702 F.2d at 413–14.

Jeffboat claims that the conclusion we reach must conflict with the Third Circuit's decision in *Patton,* above. That case, also concerning the BRB's dismissal of an appeal as untimely, was decided under the Black Lung Benefits Act, 30 U.S.C. § 901 *et seq.,* which (subject to possible exceptions) adopts parts of the Longshore Act, including the provisions involved here. A divided panel's reading of §§ 921(a) and 919(e) and of the regulations thereunder led it to find that service on counsel was a prerequisite to the running of the thirty day appeal period. 763 F.2d at 557.

Because of differences, primarily in the regulations applicable to Black Lung Act cases, our holding does not necessarily conflict with *Patton.* While §§ 921(c) and 919(e) are the same under both acts, the regulations are significantly different. A fair reading of § 724.578, a regulation issued under the Black Lung Act, is that the order is "considered to be filed" only after a process which includes service on "all parties." The regulation reads in relevant part:

On the date of issuance of a decision and order under § 725.477, the administrative law judge shall serve the decision and order on all parties to the claim by certified mail. On the same date, the original record of the claim shall be returned to the [Division of Coal Mine Workers' Compensation] in Washington, D.C., *and the decision and order shall be considered to be filed* in the office of the deputy commissioner. . . .

20 C.F.R. § 725.478 (1978) (emphasis added). Another regulation provides that "[n]otice given to any party of any administrative action, determination, or decision ... shall be sent to the representative of such party and such notice ... shall have the same force and effect as if it had been sent to the party represented." 20 C.F.R. § 725.364. These regulations may well contemplate that "filing" does not occur until after there has been notice to a represented party by giving notice to the party's counsel, as the Third Circuit decided.

Furthermore, the argument that § 725.478 includes service as part of filing, while § 702.349 does not, is bolstered by the unique power granted the Secretary of Labor in the Black Lung Benefits Act to modify by regulation sections adopted from the Longshore Act. 30 U.S.C. § 932(a) (adopting portions of the Longshore Act "except as otherwise provided ... by regulations of the Secretary. . . ."). *See Patton,* 763 F.2d at 559–60. The Secretary does not have this power when writing regulations under the Longshore Act.[5] So even if § 702.349 is meant to require service on the parties' representatives before an ALJ's order is considered filed, such an additional requirement not found in the Longshore Act might be considered invalid.

*See Gee,* 702 F.2d at 413–14; *Pearce v. Director, Office of Workers' Compensation Programs,* 647 F.2d 716, 726 (7th Cir. 1981). Our reading of § 702.349 avoids this problem.

Therefore, we hold that the Deputy Commissioner's failure to mail a copy of the ALJ's order to Jeffboat's counsel did not prevent the order from being "filed" and becoming effective, and thus its notice of appeal from that order was untimely. This decision may seem harsh, but it is not an outlier; as Judge Friendly noted in a slightly different situation, "[t]he policy requiring that appeals be timely taken is so strong that ministerial failures by a clerk cannot be allowed to overcome it." *Pittston Stevedoring Corp. v. Dellaventura,* 544 F.2d 35, 44 (2d Cir.1976), *aff'd sub nom. Northeast Marine Terminal Co. v. Caputo,* 432 U.S. 249, 97 S.Ct. 2348, 53 L.Ed.2d 320 (1977). After all, Jeffboat did receive timely notification of the ALJ's decision;[6] it is not unrealistic to expect a business entity to pay attention to legal matters affecting its interests.

The decision of the Benefits Review Board is AFFIRMED.

---

5. These differences explain our dictum in a case not addressing this issue, *Bennett v. Director, Office of Workers' Comp.,* 717 F.2d 1167, 1168 (7th Cir.1983), that a decision of an ALJ is filed on the date it is issued and served on the parties, and the result in the case upon which *Patton* primarily relied, *Youghiogheny & Ohio Coal v. Benefits Rev. Bd.,* 745 F.2d 380 (6th Cir.1984). Both *Bennett* and *Youghiogheny & Ohio Coal* are Black Lung Act cases.

6. Had the deputy commissioner failed to notify *both* Jeffboat and its counsel of the ALJ's decision, a question might be raised whether Jeffboat's loss of appeal rights deprived it of due process of law. *See Dawe v. Old Ben Coal Co.,* 754 F.2d 225, 227 (7th Cir.1985). *But see Spika v. Village of Lombard, Illinois,* 763 F.2d 282, 286 (7th Cir.1985) (FED.R.CIV.P. 77(d) precludes untimely appeal to Court of Appeals when the only reason for appealing late is the failure to receive notice of the District Court's entry of an order or judgment).