**OLD BEN COAL COMPANY,**
Petitioner,

v.

**Ruby JONES, and Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

No. 89–2253.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 18, 1990.

Decided March 15, 1990.

---

Steven L. Crow, Cleveland, Ohio, for petitioner.

Patricia M. Nece, Dept. of Labor, Appellate Litigation, Donald S. Shire, Sol. Gen., Michael J. Denney, Steven D. Breeskin, Dept. of Labor, Office of the Sol., Washington, D.C., John H. Secaras, Sol. Gen., Dept. of Labor, Chicago, Ill., for respondent Office of Workers' Compensation Programs.

Carla Chapman, Benefits Review Bd., Dept. of Labor, Washington, D.C., for respondent Benefits Review Bd.

David O. Kelley, Boonville, Ind., for respondent Ruby Jones, Widow of Richard Jones, Deceased.

Before BAUER, Chief Judge,
COFFEY, Circuit Judge, and
ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

This petition, brought pursuant to 33 U.S.C. § 921(c) (1976), arises from an order issued by the Benefits Review Board (Board) dismissing the appeal of Old Ben Coal Company (Old Ben) from a decision and order issued by an administrative law judge (ALJ) awarding benefits to Ruby Jones under the Black Lung Benefits Act, 30 U.S.C.A. §§ 901 *et seq.* (1986). Finding that the appeal had not been filed within 30 days of the issuance of the ALJ's opinion and order, the Board dismissed the appeal for want of jurisdiction. Because we hold that the ALJ's failure to comply with the statutory and regulatory sections requiring service by certified mail tolled the 30 day filing period, we reverse and remand for consideration on the merits.

## I.

On February 12, 1981 administrative law judge (ALJ) Glenn R. Lawrence issued a decision and order awarding benefits to Ruby Jones under the Black Lung Benefits Act, 30 U.S.C. § 901 *et seq.*, payable by her late husband's employer, Old Ben, as compensation for his disability and subsequent death relating to his coal mine employment. Old Ben appealed this decision to the Board. While the appeal was pending, Old Ben changed its address from Chicago, Illi-

nois to Lexington, Kentucky and notified the Board of this change by certified mail. On December 24, 1985, the Board issued an order which vacated the ALJ's benefit award and remanded the case to the ALJ for reconsideration. A copy of this order was properly served upon Old Ben at its Lexington address by certified mail. On March 31, 1986, the ALJ issued a Decision and Order reaffirming his 1981 award of benefits to the claimant Ruby Jones. Unlike the Board's decision, however, a copy of this decision was sent by regular mail to Old Ben's Chicago address and was never received by Old Ben. Old Ben first became aware of the ALJ's adverse decision on November 17, 1988, when it received a phone call regarding payment of benefits from the Department of Labor. Old Ben promptly requested a copy of the ALJ's decision on remand and received it on November 21, 1988. Old Ben filed an appeal with the Board on December 6, 1988—less than thirty days after Old Ben received actual notice of the ALJ's decision, but more than two and a half years after the decision was issued and filed with the Deputy Commissioner. By a Decision and Order dated April 21, 1989 the Board dismissed the appeal for want of jurisdiction. It found that the Notice of Appeal was not filed within 30 days of the issuance of the ALJ's order, and that the improper mailing did not toll the 30 day time limit.

## II.

As incorporated by the Black Lung Benefits Act, 30 U.S.C. § 932(a), the law governing the time in which an appeal must be filed comes from the Longshore and Harbor Workers' Compensation Act (LHWCA) 33 U.S.C. § 901 *et seq.* Section 921(a), which establishes the time for appeal, provides as follows:

A compensation order shall become effective when *filed in the Office of the Deputy Commissioner as provided in § 919 of this Title*, and, unless proceedings were suspension or setting aside of such order are instituted as provided in subdivision (b) of this section, *shall be-*

*come final at the expiration of the thirtieth day thereafter.*

(emphasis added).

Section 921(a) makes clear that unless application for review is made within thirty days after a compensation order is *filed* with the Deputy Commissioner, that order becomes final. Since the act of filing starts the running of the thirty day period, it is crucial to our inquiry to determine when a black lung decision is "filed" within the meaning of § 921(a).

Section 919(e), (the only subsection of § 919 which refers to filing and to which we are directed by § 921) provides;

"The order rejecting the claim or making the award ... shall be filed in the office of the deputy commissioner, and a copy thereof shall be sent by registered mail or by certified mail to the claimant and to the employer at the last known address of each."

Whether § 919(e) requires proper service of a decision before it is considered "filed" is an unsettled question in this circuit. *See Jeffboat, Inc. v. Mann,* 875 F.2d 660, 662 (7th Cir.1989). Fortunately, the Black Lung Act regulations which supplement, and, where inconsistent, supplant sections adopted from the Longshore Act, define the term "filing" with such clarity that judicial construction of § 919(e) remains unnecessary.[1]

20 C.F.R. § 725.478 provides;

On the date of issuance of a decision and order under § 725.477, the administrative law judge *shall serve the decision and order on all parties to the claim by certified mail.* On the same date, the original record of the claim shall be returned to the [Division of Coal Mine Workers' Compensation] in Washington, D.C., *and the decision and order shall be considered to be filed* in the office of the deputy commissioner. (emphasis added)

Unlike § 919(e) of the Longshore Act, the language of the Secretary's black lung regulation clearly conditions "filing" upon service of the decision on all parties by certified mail. Thus, the thirty day time limit for appeal does not begin to run until all parties are properly served by certified mail.[2] This view is consistent with: the decision of the Third Circuit in *Patton v. Director, Office of W.C. Prog. etc.,* 763 F.2d 553 (3d Cir.1985); the decision of the Sixth Circuit in *Youghiogheny & Ohio Coal Co. v. Benefits Review Board,* 745 F.2d 380 (6th Cir.1984); and the decision of Fourth Circuit in *Jewell Smokeless Coal Corp. v. Director, Office of W.C. Prog. etc.,* 892 F.2d 366 (4th Cir.1989). Recent caselaw from our own circuit further validates our reading of these statutory and regulatory provisions. In *Jeffboat v. Mann,* 875 F.2d 660 (7th Cir.1989), a case arising solely under the Longshore Act, this court held that for purposes of determining the running of the thirty day period for taking an appeal, the filing and mailing of copies are unrelated acts; hence defects in mailing do not affect the thirty day time limit for appeals. *Id.* at 663. However, in reaching its conclusion, the court was careful to note that its decision was based upon its interpretation of 20 C.F.R. § 702.349, a regulation governing the issuance of decisions under the Longshore Act. *Id.* at 663. Furthermore, after comparing the Black Lung regulations with those arising under the Longshore Act the court stated;

While §§ 921(c) [sic] and 919(e) are the same under both acts, the regulations are significantly different. A fair reading of 724.478 [sic], a regulation issued under the Black Lung Act, is that the order is 'considered to be filed' only after a process which includes service on 'all parties' ... These regulations may well contemplate that 'filing' does not occur until after there has been notice to a

---

1. 30 U.S.C. § 932(a) grants the Secretary of Labor in Black Lung Benefits cases the authority to modify by regulation sections adopted from the LHWCA. *Accord Jeffboat* at 664, *Patton v. Director, Office of W.C. Prog. etc.,* 763 F.2d 553, 559–560 (3d Cir.1985).

2. Because the ALJ never undertook to properly serve the parties, we need not and do not decide whether the thirty-day period begins to run on the date the ALJ's decision is properly mailed to the aggrieved party, or whether the period runs only upon receipt of the decision.

represented party by giving notice to the party's counsel ... *Id.* at 663–664.

Thus, unlike the Longshore Act regulation, the court recognized that the Black Lung regulation may indeed encompass service as part of filing.

Based upon our reading of the Longshore Act, the implementing regulations of the Black Lung Act, and relevant caselaw, we conclude that a compensation order is not considered "filed" for purposes of triggering the start of the thirty day appeal period until the ALJ's decision is served upon the parties to the claim as required by 20 C.F.R. § 725.478.

### III.

 In this case, while the ALJ did send a copy of his decision to the parties by regular mail, the record does not indicate that the ALJ's decision was sent to Old Ben by certified mail as required by the governing statutes and regulations.[3] Accordingly, the ALJ's failure to comply with the statutory and regulatory provisions mandating service by certified mail tolled the thirty day filing period at least until Old Ben received actual knowledge of the adverse ruling on November 17, 1988. Since Old Ben filed its appeal with the Board within thirty days of its actual knowledge of the adverse ruling, its filing was effective. Accordingly, the order of the Board dismissing the appeal for want of jurisdiction is reversed and the case is remanded to the Board for consideration on the merits.

---

3. As an independent ground for reversal, Old Ben argues that the ALJ did not mail a copy of his decision to Old Ben at its "last known address" as required by § 919(e) of title 33. Since we grant reversal based on the ALJ's failure to serve the decision by certified mail, we need not and do not address this issue.