Paul F. BRACHER and Leroy
Elzer, Petitioners,

v.

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNIT-
ED STATES DEPARTMENT OF LA-
BOR, Respondent.

Nos. 92–2141, 92–2187.

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 15, 1993.

Decided Jan. 19, 1994.

David O. Kelley, Boonville, IN, for Paul F. Bracher in No. 92–2141.

Eileen M. McCarthy, Allen H. Feldman, Dept. of Labor, Appellate Litigation, Michael J. Denney, Steven D. Breeskin, Elizabeth Hopkins, Roger Pitcarin, Nathaniel I. Spiller, Dept. of Labor, Office of the Solicitor, Louis W. Rogers, Dept. of Labor, Office of Workers' Compensation Program, Washington, DC, for Office of Workers' Compensation Programs in No. 92–2141.

Roger Pitcarin, Nathaniel I. Spiller, Dept. of Labor, Office of the Solicitor, Louis W. Rogers, Dept. of Labor, Office of Workers' Compensation Program, Lisa L. Lahrman, Benefits Review Bd., Executive Counsel, Clerk of the Board, Washington, DC, for Benefits Review Bd. in No. 92–2141.

David O. Kelley, Boonville, IN, for Leroy Elzer in No. 92–2187.

Eileen M. McCarthy, Allen H. Feldman, Dept. of Labor, Appellate Litigation, Barbara J. Johnson, Elizabeth Hopkins, Nathaniel I. Spiller, Dept. of Labor, Office of the Solicitor, Louis W. Rogers, Dept. of Labor, Office of Workers' Compensation Program, Washington, DC, for Office of Workers' Compensation Programs in No. 92–2187.

Lisa L. Lahrman, Benefits Review Bd., Executive Counsel, Clerk of the Board, Washington, DC, for Benefits Review Board in No. 92–2187.

Before CUDAHY, RIPPLE, and ROVNER, Circuit Judges.

CUDAHY, Circuit Judge.

Paul Bracher and Leroy Elzer are retired coal miners who filed separate claims for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–945 (1986). After an initial determination of eligibility, both received benefits. In subsequent appeals, however, they were found ineligible, and the Director of the Office of Workers' Compensation Programs (OWCP) in the Department of Labor sought to recover the benefits paid. Bracher and Elzer requested waivers of recovery. After separate formal hearings before Administrative Law Judges, both were denied waivers and the Benefits Review Board affirmed. Their cases are consolidated in this appeal of the ALJs' decisions. They challenge the Department of Labor's statutory authority to recoup benefits; the ALJs' determination that interim benefits are recoverable as "overpayments"; and the ALJs' denial of a waiver. We affirm.

## I. STATUTORY SCHEME

When a miner files for benefits under the Black Lung Benefits Act,[1] a Deputy Commissioner of the Department of Labor makes an initial determination of the applicant's eligibility and benefit payments begin promptly. The responsible coal mine operator may challenge the Deputy Commissioner's initial determination of eligibility. If the claimant is subsequently found ineligible for benefits, the OWCP may demand recoupment of all benefits paid. 20 C.F.R. § 725.522. The Act and regulations require a waiver from repayment if a claimant was without fault in creating the overpayment, and recovery would either defeat the purposes of the Act or be against equity and good conscience. 42 U.S.C. § 404(b) (1986), incorporated by 30 U.S.C. § 923(b) (1986); 20 C.F.R. §§ 410.-561a–410.561h; 20 C.F.R. §§ 725.542–725.-543. "Defeat the purpose of the Act" means to "deprive a person of income required for ordinary and necessary living expenses." 20 C.F.R. § 410.561c. Recovery will be against

---

1. Claims for black lung benefits are adjudicated under either Part B or Part C of the Act depending upon when they were filed. Claims filed before June 30, 1973 are Part B claims and were administered by the Department of Health, Education and Welfare (now Health and Human Services). Claims filed after December 31, 1973 are Part C claims, administered by the Department of Labor. *See generally Director, OWCP v. Forsyth Energy, Inc.*, 666 F.2d 1104, 1105–06 (7th Cir.1981).

equity and good conscience if a claimant has relinquished a valuable right or changed his position for the worse because of the payment. 20 C.F.R. § 410.561d. Recovery will also be deemed to be against equity and good conscience if a claimant accepts the payment because of or in reliance on erroneous information from the government regarding an interpretation of the Act or regulations. 20 C.F.R. §§ 410.561f, 410.561h(a).

## II. PETITIONERS' CLAIMS

### A. *Paul Bracher*

Paul Bracher worked as a coal miner for 44 years. After retiring from his job with Peabody Coal Company, he filed a claim for black lung benefits in 1979. He received an "Initial Determination" from the Deputy Commissioner informing him that he was eligible for benefits. The notice stated that either Bracher or Peabody could reject the initial determination and request a hearing before an ALJ. It also stated, "[i]f it is subsequently determined in further proceedings that the claimant is not eligible for benefits under the Black Lung Act, an (sic) payment made shall be an overpayment and subject to recovery procedures."

Peabody contested Bracher's claim, and an Administrative Law Judge determined that Bracher was not entitled to benefits. Interim benefit payments ceased soon after. The Benefits Review Board affirmed.

The OWCP sought to recover the $18,325.60 Bracher had received as interim benefits. Bracher responded by arguing that there had been no overpayment and that he was entitled to a waiver of repayment. The Deputy Commissioner denied the waiver.

At a formal hearing before an ALJ, Bracher claimed he was entitled to a waiver be-

cause he had relied on the Deputy Commissioner's "erroneous" determination of benefits. *See* 20 C.F.R. § 410.561f. He stated specifically that he was not seeking a waiver on the ground that recovery would deprive him of his living expenses.[2] *See* 20 C.F.R. § 410.561c. Nor did he make any argument that he had changed his position for the worse. *See* 20 C.F.R. § 410.561d.

The ALJ denied a waiver. Although the ALJ found that Bracher was without fault in creating an overpayment, he had introduced no evidence that recovery would deprive him of necessary income or that he had changed his position for the worse. The court also rejected Bracher's claim that he was entitled to a waiver because he had relied on "erroneous information" from the Deputy Commissioner. The ALJ found that the Deputy Commissioner's benefits award notice did not contain "erroneous information" since it informed Bracher that the benefits were subject to recovery.

On appeal to the Benefits Review Board, Bracher again only claimed entitlement to a waiver based on reliance on "erroneous information." The Benefits Review Board affirmed the ALJ decision.

### B. *Leroy Elzer*

The facts in Leroy Elzer's case are similar to those in Paul Bracher's. Elzer worked for 36 years as a coal truck driver. He retired from Peabody Coal Company in 1976 and filed a claim for black lung benefits. In January 1980, Elzer was informed that he was eligible for benefits. The notice from the Deputy Commissioner stated in part "[i]f it is determined that you are not eligible for benefits in further proceedings, any payments made shall be an overpayment and subject to recovery."[3]

---

**2.** In both the initial letter informing Bracher of an overpayment and subsequent correspondence, the Deputy Commissioner requested financial information to determine Bracher's eligibility for a waiver. Bracher's attorney refused to provide it. *See* Bracher D.X. 7–10. At the hearing, Bracher's attorney stated:

> [T]he Claimant does not seek a waiver in this particular case based upon the usual financial considerations of whether or not he can and is able to repay the overpayment in question.

The Claimant has intentionally, on my advice, not completed nor filled out an OWCP 20 form. Therefore, we're not asking that any financial consideration be given to whether or not the Claimant should repay this amount. Tr. at 6–7.

**3.** Elzer and Bracher received slightly different letters. The letter to Bracher was captioned "INITIAL DETERMINATION" and the terms "initial determination" and "interim benefits" were underlined in the text. Elzer's letter was

Peabody controverted Elzer's claim. An ALJ determined that Elzer was not entitled to benefits, and the interim benefit payments ceased. The Benefits Review Board affirmed, and this court denied Elzer's petition for a review of the denial.

The Department of Labor notified Elzer that it would seek recovery of the $31,260.40 he had received as interim benefits. Elzer contested the overpayment and requested a waiver of recovery. The OWCP requested Elzer's financial information in order to determine whether he qualified for a waiver, but Elzer's attorney (the same as Bracher's) refused to provide the information.[4]

The ALJ, relying on Elzer's testimony at the hearing, denied a waiver. The ALJ found that Elzer was without fault but had failed to demonstrate that recovery would deprive him of his living expenses. The ALJ also found that Elzer had not shown that he had changed his position for the worse after receiving benefits. The ALJ rejected the argument that Elzer was entitled to a waiver for reliance on "erroneous information," which was alleged to consist of the Deputy Commissioner's initial benefits award.

Elzer appealed to the Benefits Review Board. He did not challenge the ALJ's denial of a waiver on either "defeat the purposes of the act" or "changed position" grounds. Instead, he proceeded solely on the "erroneous information" argument. The Benefits Review Board affirmed the denial of a waiver.

## III. ANALYSIS

■ When reviewing black lung determinations, this court reviews the decision of the ALJ rather than the Benefits Review Board. *Old Ben Coal Co. v. Battram,* 7 F.3d 1273, 1275 (7th Cir.1993); *Old Ben Coal Co. v. Prewitt,* 755 F.2d 588, 589–91 (7th Cir. 1985). This appeal presents questions of law that we review *de novo.*

### A. Statutory authority to recoup benefits

The Black Lung Benefits Act did not originally provide for recoupment of overpaid benefits. In 1972, Congress amended Part B of the Act to incorporate the recoupment provisions from § 204 of the Social Security Act, 42 U.S.C. § 404. 30 U.S.C. § 923(b) (1986). The Social Security Act allows the Department to recover benefits "[w]henever the Secretary finds that more ... than the correct amount of payment has been made." 42 U.S.C. § 404(a)(1).

■ Part C of the Black Lung Benefits Act incorporates the recoupment provisions of the Longshore and Harbor Workers Compensation Act, 33 U.S.C. §§ 901–950 (1986). 30 U.S.C. § 932(a) (1986). Unlike the Social Security Act, the LHWCA does not allow for recovery of overpayments except as an offset

---

captioned "NOTICE OF BLACK LUNG TRUST FUND BENEFITS PAYMENTS," did not emphasize "initial" and referred only to "benefits" rather than "interim benefits."

**4.** On June 18, 1987, the Deputy Commissioner informed Elzer of the $31,260.40 overpayment and wrote: "If you request further consideration, you *must* complete the enclosed form OWCP–20 and return it with your request. You should also send ... income tax returns, bank account statements, monthly expense statements and pay slips." (emphasis in original). Elzer D.X. 6.

The attorney responded that he would not submit the OWCP–20 form "for the reason that I can find no basis in the regulations for such a form." Elzer D.X. 7.

On August 3, 1987, the Deputy Commissioner denied Elzer a waiver because he had not furnished any information to justify waiver. Elzer D.X. 8.

On September 17, 1987, a Senior Claims Examiner from the Department of Labor wrote to Elzer's attorney, "The only way we can consider financial factors is to start by a review of the individual's financial statement. Failing to provide this information leads to a deadend situation." Elzer D.X. 12.

The attorney's statement to the ALJ at Bracher's hearing gives some indication of his rationale for refusing to seek a financial waiver for his clients:

"This is a case where we intend to take on the Department of Labor head on with respect to whether or not these overpayment questions are equitably and legally just and obviously, this case will go as far as it needs to go to get those principles established. To my knowledge, that has not been done in the United States. At some point in time somebody has to take a stand and that's where we're going with this particular matter. So, there will be no evidence offered with respect to his financial condition because we don't intend to seek a waiver on that basis."

Tr. at 9.

against any future payments. Section 14(j) provides "if the employer has made advance payments of compensation, he shall be entitled to be reimbursed out of any unpaid installment or installments of compensation due." 33 U.S.C. § 914(j). *See Stevedoring Svcs. of America, Inc. v. Eggert,* 953 F.2d 552, 556 (9th Cir.), *cert. denied* — U.S. —, 112 S.Ct. 3056, 120 L.Ed.2d 922 (1992) (section 14(j) "does not provide employer with a right of repayment for alleged overpayment of compensation"); *Ceres Gulf v. Cooper,* 957 F.2d 1199, 1205 (5th Cir.1992).

■ However, the provision incorporating the LHWCA into the Black Lung Benefits Act states that the LHWCA shall apply "except as otherwise provided ... by regulations of the Secretary." 30 U.S.C. § 932(a). The Secretary thus has "unique power" to modify the incorporated sections by regulation, *Jeffboat Inc. v. Mann,* 875 F.2d 660, 664 (7th Cir.1989), although the extent of this power is unclear. *See Director, OWCP v. Peabody Coal Co.,* 554 F.2d 310 (7th Cir. 1977).[5] The Secretary has promulgated regulations for both Part B and C claims that mirror the recoupment provisions of the Social Security Act rather than the more limited LHWCA. 20 C.F.R. §§ 725.542–725.543.

Petitioners claim that the recoupment provisions of the LHWCA, rather than those of the Social Security Act, govern Part C claims. Since the LHWCA does not permit recoupment of overpayments, they argue, the Secretary may not recoup interim black lung benefits under Part C. They do not address the express statutory grant of authority to the Secretary to modify incorporated provisions of the LHWCA.

■ In any event, petitioners failed to make the argument before the ALJ or the Benefits Review Board that the recoupment provisions of the LHWCA apply. Absent

exceptional circumstances, we must conclude that a claim not raised before the ALJ or the Board is waived. *See Arch Mineral Corp. v. Director, OWCP,* 798 F.2d 215, 220 (7th Cir. 1986).

B. *Overpayment*

■ The petitioners next argue that the interim black lung benefits cannot be considered "overpayments" subject to recoupment. This argument is without merit.

An "overpayment," or payment subject to recovery, is defined in the regulations as a "payment where no amount is payable." 20 C.F.R. § 725.540(a)(1).[6] The petitioners contend that since the Deputy Commissioner determined that they were eligible for interim benefits, these benefits cannot be considered "payments where no amount is payable." The subsequent ALJ determination that petitioners were not entitled to benefits does not, in their view, render the interim benefits "overpayments." Rather, the ALJ determined only that no *further* benefits were available, but did not, they argue, hold that the petitioners had been ineligible for "interim" benefits.

The petitioners essentially argue that an interim benefits award is unaffected by the later determination of benefits eligibility. The regulations, however, anticipate that a decision to award benefits can be reversed at any point before the award becomes final. The regulations provide for payment of interim benefits within 30 days of the initial determination of eligibility "notwithstanding the pendency of further proceedings before an administrative law judge or an appeal to the Board or court." 20 C.F.R. § 725.522(a). If in these further proceedings it is determined that a claimant is ineligible for benefits after all, payments made prior to that determination are improper and may be recovered:

**5.** In *Peabody,* Judge Pell considered at length the "statutory shambles" created by the incorporation of the LHWCA into the Black Lung Benefits Act. 554 F.2d at 313.
[T]he explicit grant of power to the Secretary to deviate from the incorporated LHWCA provisions creates some problems. In point of fact, some of the included LHWCA subsections regulate the jurisdiction and procedure of the federal courts. We must recognize that autho-

rizing the Secretary of Labor to reorient the division of judicial responsibilities is plainly unacceptable.
*Id.* at 321.

**6.** The corresponding language in the Act itself is "payment to a person of more than the correct amount." 42 U.S.C. § 404(a)(1)(A), incorporated by 30 U.S.C. § 923(b).

**1162**

If benefit payments are commenced prior to the final adjudication of the claim and it is later determined by an administrative law judge, the Board, or court that the claimant was ineligible to receive such payments, such payments shall be considered overpayments pursuant to section 725.540 of this subpart which may be recovered in accordance with the provisions of this subpart.

20 C.F.R. § 725.522(c).

The Sixth Circuit has recently rejected the argument petitioners advance here, and we must do so as well. *Napier v. Director, OWCP*, 999 F.2d 1032, 1035 (6th Cir.1993). When the overpayment and interim benefit regulations are examined together, it is clear that the regulatory scheme allows recovery of all benefits—whether labelled "interim" or otherwise—paid prior to final adjudication if, in the end, a miner is determined ineligible for benefits. *See id.*

### C. *Waiver of repayment*

 Under the black lung regulations, a waiver of recoupment is available when an individual "accepts such overpayment because of reliance on erroneous information from an official source within the Administration ... with respect to the interpretation of a pertinent provision of the Act or regulations pertaining thereto." 20 C.F.R. § 410.561f.[7] Petitioners contend that they are entitled to a waiver under this provision because they relied on "erroneous information" from the Deputy Commissioner, specifically the Deputy Commissioner's determination that they were entitled to benefits.[8]

The Benefits Review Board has previously rejected the argument petitioners advance here, holding that the Deputy Commissioner's eligibility determination does not constitute "erroneous information" within the meaning of § 410.561f. *Nelson v. Director, OWCP*, 14 BLR 1–159, 1–161 (1990); *Weis v.*

*Director, OWCP*, 16 BLR 1–56 (1990). The only other federal court to consider this question recently reached the same conclusion. *McConnell v. Director, OWCP*, 993 F.2d 1454, 1458 & n. 5 (10th Cir.1993). We agree.

The regulations specifically contemplate that, as here, the Deputy Commissioner's initial determination may be reversed. Section 725.522(c) addresses that possibility and states that recovery of overpayments will still be available: "if benefits payments are commenced prior to the final adjudication of the claim and it is later determined ... that the claimant was ineligible ... such payments ... may be recovered." 20 C.F.R. § 725.522(c). Yet under the petitioners' argument, any determination by the Deputy Commissioner—or, for that matter, an ALJ or Benefits Review Board—that is later reversed would result in a waiver of recovery. This interpretation renders § 725.522(c) meaningless. Moreover, the initial determination letters sent to both Bracher and Elzer explicitly stated that the benefits award could be challenged on appeal, and the benefits were subject to recovery. Since petitioners' argument is "inherently inconsistent with the statutory scheme," *McConnell*, 993 F.2d at 1458 n. 5, we cannot accept their contention that they are entitled to a waiver under 20 C.F.R. § 410.561f.

### IV. CONCLUSION

Requiring Bracher and Elzer to pay back the respective sums of $18,325.60 and $31,260.40 seems to be a harsh result. However, for the reasons given above, none of the grounds raised on appeal have merit. The petition for review of the Benefits Review Board is DENIED.

---

7. Section 410.561f states that an individual who relies on such erroneous information will be deemed "without fault." Section 410.561h(a) provides that if a person is "without fault" under 410.561f, recovery will be deemed "against equity and good conscience," and a waiver will be granted.

8. The Director argues as well that the Petitioners did not establish "reliance" with respect to "a pertinent statutory or regulatory provision," as required by § 410.561f. Since we conclude the Deputy Commissioner's decision was not "erroneous information," we do not need to reach this issue.