The INSURANCE COMPANY OF
NORTH AMERICA, Petitioner,

v.

Beatrice GEE [Widow of John I. Gee] and
Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.

No. 756, Docket 82–4159.

United States Court of Appeals,
Second Circuit.

Argued Jan. 21, 1983.

Decided March 14, 1983.

Richard N. Curtin, Boston, Mass. (Parker, Coulter, Daley & White, Boston, Mass., of counsel), for petitioner.

Mark C. Walters, Office of Workers' Compensation Programs, U.S. Dept. of Labor, Washington, D.C. (T. Timothy Ryan, Jr., Sol. of Labor, Donald S. Shire, Associate Sol., Janet R. Dunlop, U.S. Dept. of Labor, Washington, D.C., of counsel), for respon-

dent, Director, Office of Workers' Compensation Programs.

Stephen C. Embry, Groton, Conn. (O'Brien, Shafner, Bartinik, Stuart & Kelly, Groton, Conn., of counsel), for respondent Beatrice Gee.

Before MANSFIELD and MESKILL, Circuit Judges, and NEAHER, District Judge.*

MESKILL, Circuit Judge:

On November 19, 1981, an Administrative Law Judge (ALJ) ordered The Insurance Company of North America (INA) to pay disability and death benefits to Beatrice Gee, widow of John Gee, pursuant to the Longshoremen's and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §§ 901–50 (1976 & Supp. II 1978). INA's appeal to the Benefits Review Board (Board) of the United States Department of Labor was dismissed as untimely. INA brings this petition under 33 U.S.C. § 921(c) (1976) for review of the Board's order. We affirm.

John Gee worked at the General Dynamics Corporation in New London, Connecticut, from 1957 until May 25, 1979, when he was hospitalized and diagnosed as having small cell undifferentiated cancer of the lung. Upon learning of his disease, Gee filed an insurance claim with his employer pursuant to LHWCA § 12(a), 33 U.S.C. § 912(a) (1976). Gee never returned to work. He died on October 11, 1979. After his death, Beatrice Gee filed a claim for disability and death benefits. 33 U.S.C. § 913 (1976). After a hearing, the ALJ found that Gee's illness and death were caused by a combination of his cigarette smoking and his exposure to asbestos during the course of his employment. The ALJ ordered the employer's insurance carrier, INA, to pay Beatrice benefits for her husband's total disability, LHWCA § 8(a), 33 U.S.C. § 908(a) (1976), and subsequent death, LHWCA § 9, 33 U.S.C. § 909 (1976), together with attorney's fees and expenses.

The ALJ's decision and order were filed on November 30, 1981, in the Office of the Deputy Commissioner, Office of Workers' Compensation Programs, United States Department of Labor. By December 9, copies of the decision and order had been served on Beatrice Gee and her attorney, the employer and its attorney, and INA. The attorney of record for INA, however, was not served until March 4, 1982. INA filed a notice of appeal with the Board dated April 1, 1982.

Beatrice Gee moved to dismiss the appeal, arguing that the ALJ's compensation order became final and unreviewable on December 30, 1981—thirty days after it was filed. Section 21(a) of the LHWCA, 33 U.S.C. § 921(a) (1976), provides:

A compensation order shall become effective when filed in the office of the deputy commissioner as provided in section 919 of this title, and, unless proceedings for the suspension or setting aside of such order are instituted as provided in subdivision (b) of this section, shall become final at the expiration of the thirtieth day thereafter.

INA opposed the motion on the grounds that the ALJ's order had not been properly filed until March 4, 1982, when a copy of the order was served on its attorney.

On June 28, 1982, a three-member panel of the Board dismissed INA's appeal as untimely. A majority of the panel reasoned:

Section 802.205 of the Board's regulations provides that failure to file a timely appeal

shall foreclose all rights to review by the Board with respect to the case or matter in question. Any untimely appeal will be summarily dismissed by the Board for lack of jurisdiction.

The Board, therefore, lacks jurisdiction of this case because the decision and order appealed from became final on December 30, 1981, thirty days after the date of filing in the Office of the Deputy

---

* Honorable Edward R. Neaher, United States District Judge for the Eastern District of New York, sitting by designation.

Commissioner. *See American Steamship Company v. Nelson,* 1 BRBS 30 (1974) and cases cited therein; *see also Pittston Stevedoring Co. v. Dellaventura,* 544 F.2d 35, 42 (2d Cir.1976), *aff'd Northeast Marine Terminal Co., Inc. v. Caputo,* 432 U.S. 249 [97 S.Ct. 2348, 53 L.Ed.2d 320] (1977).

Accordingly, claimant's motion to dismiss the appeal of the employer/carrier is granted.

One judge concurred in the result, but not in the reasoning:

Where there is not proper service by the deputy commissioner, I would find that the appeal time begins to run from the date the aggrieved party became aware of the filing of the Decision and Order. *See Rogers v. National Steel & Shipbuilding Co.,* BRB No. 79–180 (Order) (March 12, 1980) (copy attached). In the instant case, insurer, if not its counsel, was aware of the administrative law judge's decision in December 1981 through claimant's counsel's correspondence to the insurer. Accordingly, the appeals filed in April 1982 were clearly untimely.

INA filed a timely petition [1] in this Court to set aside the order of the Board.[2] 33 U.S.C. § 921(c) (1976).

Neither party disputes the rigidity of the thirty day appeals period set forth in section 21(a). However, they disagree as to the circumstances under which an ALJ's order is filed for the purpose of triggering the thirty day appeals period. Section 19(e) of the LHWCA provides that:

The [ALJ's] order rejecting the claim or making the award . . . shall be filed in the office of the deputy commissioner, and a copy thereof shall be sent by registered mail or by certified mail to the claimant and to the employer at the last known address of each.

33 U.S.C. § 919(e) (1976). In this case, the ALJ's decision and order were filed with the deputy commissioner on November 30, 1981, and copies of the order were sent that day by certified mail to the claimant and the employer.

INA contends that section 19(e) has been modified by subsequent regulations to require the deputy commissioner to send copies of the ALJ's order to all parties *and* their representatives before the thirty day appeals period set forth in section 21(a) will commence. Pursuant to his authority to promulgate rules and regulations necessary to administer the LHWCA, 33 U.S.C. § 939(a)(1) (1976), the Secretary of Labor has designed a procedure to govern the filing of compensation orders. The regulation, 20 C.F.R. § 702.349 (1982), does require the deputy commissioner on the date a compensation order is filed in his office to send copies of the order by certified mail not only to the claimant and the employer, but also "to representatives of the parties, if any." Because INA's attorney did not receive a copy of the ALJ's order until March 4, 1982, INA argues that its appeal dated April 1 was timely filed.

INA claims that failure to comply with the requirements of the regulation, which has the force and effect of law, has the same negative effect on the running of the thirty day appeals period as did noncompliance with the governing statute in *American Mutual Liability Insurance Co. v.*

---

**1.** A party may petition the court of appeals for review of an adverse final order of the Board within sixty days after the order has been filed. 33 U.S.C. § 921(c) (1976). INA's first petition for review, dated August 24, 1982, was received by this Court on August 27, sixty days after the Board's order was filed. An amended petition for review dated September 8 was also filed by INA. Although INA's first timely petition was not recorded in the Office of the Clerk of the Court of Appeals, INA has provided proof that the petition was received by this Court within the sixty day appeals period.

**2.** Although INA's petition for review named the Board as respondent, this Court granted a motion to substitute the Director, Office of Workers' Compensation Programs, United States Department of Labor, as the proper respondent in a proceeding pursuant to 33 U.S.C. § 921(c) (1976). *See* 20 C.F.R. § 802.410(b) (1982); *see also Shahady v. Atlas Tile & Marble Co.,* 673 F.2d 479, 485 (D.C.Cir.1982) (per curiam).

*Lowe,* 85 F.2d 625 (3d Cir.1936). INA's reliance on *American Mutual* is misplaced. There the court considered whether a "Memorandum for the File" written by the deputy commissioner was an effective order under section 21(a). Although the memorandum was filed in the deputy commissioner's office, it was unsigned and copies were not sent by registered mail to the parties or their representatives. The court concluded that a valid order was never filed within the meaning of section 21(a), reasoning that "[t]he clear mandate of the statute may not be disregarded." *Id.* at 627. Although strict and literal compliance with section 21(a) is mandatory, it does not follow that strict and literal compliance with the Secretary's regulations is similarly required in order to perfect the filing of an order. The Secretary's power to promulgate rules and regulations to implement the LHWCA does not include the power to modify the clear mandate of a statute. *Miller v. United States,* 294 U.S. 435, 440, 55 S.Ct. 440, 442, 79 L.Ed. 977 (1935). While an administrative agency is usually bound to comply with its own regulations, *Pearce v. Director, Office of Workers' Compensation Programs,* 647 F.2d 716, 726 (7th Cir.1981), this Court will not interpret an agency regulation to thwart a statutory mandate.

■ Regulations promulgated pursuant to rulemaking authority conferred by statute assume the force of law only to the extent consistent with the statutory scheme they were designed to implement. *Id.* at 726–27; *see Oliver v. United States Postal Service,* 696 F.2d 1129, 1131 (5th Cir.1983) ("plain language of statute controls ... construction" of regulation); *Meade Township v. Andrus,* 695 F.2d 1006, 1009–10 (6th Cir.1982) (regulation inconsistent with governing statute is void). Section 21(a) of the LHWCA renders an ALJ's order final thirty days after it is filed in accordance with section 19(e). 33 U.S.C. § 921(a) (1976). Section 19(e) provides that after an order is filed with the deputy commissioner, he shall send copies of the order to the claimant and the employer. 33 U.S.C. § 919(e) (1976). The deputy commissioner fully complied with this mandate. The Secretary cannot by regulation place further conditions on the filing of an effective order.

■ In *Pittston Stevedoring Corp. v. Dellaventura,* 544 F.2d 35 (2d Cir.1976), *aff'd sub nom. Northeast Marine Terminal Co. v. Caputo,* 432 U.S. 249, 97 S.Ct. 2348, 53 L.Ed.2d 320 (1977), this Court considered an analogous question concerning section 21(c) of the LHWCA, 33 U.S.C. § 921(c) (1976). Under section 21(c), an order of the Board becomes final sixty days after issuance unless a petition for review is filed. Writing for this Court, Judge Friendly considered whether the Board's noncompliance with a regulation that required service of an order on designated parties prevented its order from becoming final. Judge Friendly wrote: "We see no reason not to read 33 U.S.C. § 921(c) as meaning what it says.... The policy requiring that appeals be timely taken is so strong that ministerial failures by a clerk cannot be allowed to overcome it." *Id.* at 44 (citations omitted). The failure of the deputy commissioner in this case to send a copy of the ALJ's order to INA's attorney as required by the regulation does not enlarge the time for appeal provided by the statute.[3] *Dellaventura* is apposite; the Board relied on it, and so do we. The ALJ's order was properly filed with the deputy commissioner on November 30, 1981. Because an appeal was not filed within thirty days thereafter, the order became final and unreviewable. This Court will not now consider the propriety of a compensation order that has not been properly presented to the Board for its review. *Blevins v. Director, Office of Workers'*

---

**3.** We decline to adopt the position outlined in the concurring opinion to the Board's order. However, we note that INA was not prejudiced by the failure of the deputy commissioner to send a copy of the ALJ's order to its attorney. Within thirty days after the ALJ's order was filed, Beatrice Gee's attorney wrote to INA: "If you are unhappy with the Judge's order, I suggest that you take an appeal. Failure to do so will, of course, result in a binding enforceable decision being entered against you." INA can hardly complain of being unaware that the ALJ's order would become final if not appealed.

*Compensation Programs,* 683 F.2d 139, 143 (6th Cir.1982).

The Benefits Review Board's order dismissing INA's appeal is affirmed.