**JEWELL SMOKELESS COAL CORPORATION, Petitioner,**

v.

**Melvin C. LOONEY; Director, Office of Workers Compensation Programs, United States Department of Labor, Respondents.**

No. 89–2068.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 30, 1989.

Decided Dec. 22, 1989.

Ronald Eugene Gilbertson (Kilcullen, Wilson and Kilcullen, Chartered, Washington, D.C., on brief), for petitioner.

---

Sylvia Theresa Kaser, Counsel for Appellate Litigation (Robert P. Davis, Sol. of Labor, Donald S. Shire, Associate Sol. for Black Lung Benefits, Office of the Sol., U.S. Dept. of Labor, Washington, D.C., on brief), for respondents.

Before WINTER and WILKINS, Circuit Judges, and MOTZ, District Judge for the District of Maryland, sitting by designation.

MOTZ, District Judge.

Jewell Smokeless Coal Corporation appeals from a decision of the Benefits Review Board ("BRB") dismissing its appeal from an award of benefits made by an administrative law judge ("ALJ") to one Melvin Looney under the Black Lung Benefits Act, 30 U.S.C.A. §§ 901–945 (West 1986). The BRB dismissed the appeal *sua sponte*, finding that the appeal had not been filed within thirty days of the filing of the ALJ's decision with the "office of the deputy commissioner" as required by section 21 of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C.A. § 921(a) (West 1986), and 20 C.F.R. § 802.205 (1989).[1] In this Court the Director of the Office of Workers' Compensation Programs of the Department of Labor ("the Director") concedes that the reason stated by the BRB for dismissing Jewell's administrative appeal was erroneous. However, the Director seeks to have the BRB's action upheld on the alternative ground that Jewell's time for appeal began to run not on the date that the ALJ's decision was filed with the office of the deputy commissioner but on the date that it was issued.

## I.

The pertinent facts are not in dispute and may be briefly stated. The ALJ issued his decision on November 23, 1988, and mailed it to the parties. The certificate of service does not reflect whether the decision was sent out by certified, registered or regular mail. The deputy commissioner received a copy of the decision on December 2, 1988. (This date was unknown to the BRB when it entered its order dismissing Jewell's appeal). Counsel for Jewell received a copy of the decision on November 28, 1988. Jewell mailed its notice of appeal to the BRB on December 27, 1988.

The relevant statutes and regulations may also be briefly summarized. Section 919(e) of 33 U.S.C.A. requires that an order rejecting or making an award be filed in the office of the deputy commissioner and that a copy of it be sent by registered or certified mail to the parties. 33 U.S.C.A. § 919(e). Section 921(a) provides that "[a] compensation order shall become effective when filed in the office of the deputy commissioner as provided in section 919 of this title, and ... shall become final at the expiration of the thirtieth day thereafter."[2] 33 U.S.C.A. § 921(a). Section 725.479(a) of 20 C.F.R. essentially parrots what is said in section 921(a), and 20 C.F.R. § 802.205—a rule of practice and procedure of the BRB—provides that a notice of appeal from an award of benefits "must be filed within 30 days from the date upon which a decision or order has been filed in the Office of the Deputy Commissioner pursuant to section 19(e) of the LHWCA [33 U.S.C.A. 919(e)] or in such other office as may be established in the future...." 20 C.F.R. § 802.205(a) (1989).

Section 725.478 is the linchpin of the Director's argument on appeal. It provides as follows:

> On the date of issuance of a decision and order ... the administrative law judge shall serve the decision and order on all parties to the claim by certified mail. On the same date, the original record of the claim shall be returned to the DCMWC [Division of Coal Mine Workers' Compensation] in Washington D.C., and the decision and order shall be considered to be

---

1. "Deputy Commissioner" means the deputy commissioner within the Department of Labor having jurisdiction with respect to a particular injury or death. *See* 33 U.S.C.A. § 902(7).

2. Section 921(a) is the codification of Section 21 of the Longshore and Harbor Workers' Compensation Act. The Black Lung Benefits Act incorporates some of the provisions of the LHWCA, including Section 21.

filed in the office of the deputy commissioner.

20 C.F.R. § 725.478 (1989).

## II.

The factual premise of the BRB's dismissal of Jewell's appeal was that the appeal was filed more than thirty days after the ALJ's decision had been filed in the office of the deputy commissioner. This premise was incorrect; the ALJ's decision was not filed with the office of the deputy commissioner until December 2, 1988, and Jewell noted its appeal on December 27. The Director nevertheless argues that the BRB's decision was correct since under 20 C.F.R. § 725.478 an ALJ's decision "shall be considered to be filed in the office of the deputy commissioner" on the date that it is issued, and the ALJ here issued his decision on November 23, 1988.

The Director recognizes that this interpretation of section 725.478 brings it into conflict with 33 U.S.C.A. § 921, which provides that a compensation order shall become effective when it is filed in the office of the deputy commissioner and final thirty days thereafter. However, the Director asserts that the promulgation of the regulation falls within the Secretary's broad power "to depart from specific [statutory] requirements ... in order to administer the black lung compensation program properly." *Director, Office of Workers' Compensation Programs v. National Mines Corp.*, 554 F.2d 1267, 1274 (4th Cir.1977), *quoted in Stapleton v. Westmoreland Coal Co.*, 785 F.2d 424, 439 (4th Cir.1986), *aff'd on remand*, 846 F.2d 74 (4th Cir.1988) (text in WESTLAW).

The Third Circuit rejected the Director's position in *Trent Coal, Inc. v. Day*, 739 F.2d 116 (3d Cir.1984).[3] The court found that section 725.478 was merely a "housekeeping provision" which designated the Division of Coal Mine Workers' Compensation as the place where an ALJ is to send his decision in order to comply with the statutory dictate that it be filed in the office of the deputy commissioner.[4] *See Trent Coal*, 739 F.2d at 118. The court further indicated that if the regulation had the meaning ascribed to it by the director, it would be invalid as in conflict with 33 U.S.C.A. § 921(a). *Id.* at 117.

We need not decide, as the Director urges us to do, whether *Trent Coal* was correctly decided because there is another, narrower ground upon which this case turns.[5]

---

3. The Director points out that in *Bennett v. Director, Office of Workers' Compensation Program*, 717 F.2d 1167 (7th Cir.1983), the Seventh Circuit accepted the Director's interpretation of the regulations and found that an appeal had to be filed within thirty days of the issuance of an ALJ's decision. *Id.* at 1168–69. However, in *Bennett* the claimant sought to appeal the denial of his claim more than six months after the ALJ issued his decision, and the meaning and validity of section 725.478 were not addressed. *Id.* Likewise, in *Blevins v. Director, Office of Workers' Compensation Program*, 683 F.2d 139, 141 (6th Cir.1982), while the court stated that the ALJ's decision "became effective on the day it was rendered," no analysis of the issues addressed in *Trent* was made. *Id.*

4. During oral argument counsel for the Director suggested that this interpretation of the regulation is not plausible since the deputy commissioner having jurisdiction over black lung cases works in the Division of Coal Mine Workers' Compensation. In light of our disposition of the case on other grounds, we need not consider that question.

5. In *Harris v. Nacco Mining Co.*, 12 BLR 1–115, 116 (1989), the BRB stated, "In the interest of fairness and judicial efficiency, this Board has applied the Third Circuit's holding in *Trent Coal, Inc.* in cases arising in all circuits...." *Id.* During oral argument counsel for the Director suggested that the BRB's decision in *Harris* is of no consequence because it is within the discretion of the Director, not the BRB, to decide in which judicial decisions to acquiesce. Because that question has not been briefed by the parties and is not necessary to our decision, we do not reach it. However, whatever the respective spheres of responsibility of the Director and the BRB within the Department of Labor may be, considerations of fundamental fairness dictate that if the Director desires to continue to pursue the question decided by *Trent Coal*, he do so by a means other than attempting to have a decision of the BRB, which was based upon a false factual premise, affirmed on a ground which the BRB has itself expressly eschewed. As a general matter, "[a]gencies are under an obligation to follow their own regulations, procedures, and precedents, or provide a rational explanation for their departures." *National Conservative Political Action Committee v. Federal Election Commission*, 626 F.2d 953, 959 (D.C.Cir.1979), *quoted in Big Horn Coal Co. v.*

As indicated above, the record does not establish that the ALJ's decision was ever sent to Jewell by certified mail. The Director argues that this is immaterial because it is undisputed that Jewell received a copy of the decision by regular mail within the thirty-day appeal period. However, service of an ALJ's decision upon the parties by certified mail is both a statutory and a regulatory requirement, *see* 33 U.S.C.A. § 919(e), 20 C.F.R. § 725.478, and 33 U.S.C.A. § 921(a) provides that a decision shall not become effective until it is "filed in the office of the deputy commissioner as provided in section 919[e]...." The Third Circuit has read these provisions as meaning that "the thirty-day appeal period prescribed by section 921(a) does not begin to run until service is made according to the strictures of section 919(e) and the governing regulations." *Patton v. Director, Office of Workers' Compensation Programs*, 763 F.2d 553, 557 (3d Cir.1985) (footnote omitted).

We essentially agree with that reading. In order to prevent an indefinite time period for appeal by a party who has actual notice of the ALJ's decision, we might, if called upon to do so by the facts of a particular case, supplement the Third Circuit's formulation by adding a clause "or until the appealing party has actually received the ALJ's decision by regular mail." However, that question is not now before us since Jewell did file its appeal within thirty days of its actual receipt of the ALJ's decision. It acted diligently, and it is entitled to have its appeal heard on the merits by the BRB.

REVERSED AND REMANDED.

*Temple*, 793 F.2d 1165, 1169 (10th Cir.1986). It would seem that it is the BRB's precedents in

determining its own jurisdiction which should be controlling.