**Robert NEALON, Petitioner,**

v.

**CALIFORNIA STEVEDORE & BALLAST CO., and Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

**No. 91–70399.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 24, 1992.

Decided June 14, 1993.

souri.

Deborah Kochan, Law Offices of Lyle C. Cavin, Oakland, CA, for petitioner.

Robert Babcock, Littler, Mendelson, Fastiff & Tichy, Portland, OR, for respondent California Stevedore & Ballast Co.

Karen B. Kracov, U.S. Dept. of Labor, Washington, D.C., for respondent Director, Office of Workers' Compensation Programs, Dept. of Labor.

Petition for Review of an Order of the Benefits Review Board.

Before: CANBY, REINHARDT, and LEAVY, Circuit Judges.

REINHARDT, Circuit Judge:

The question in this case is whether, under § 19(e) of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*, and the supporting regulation, service on the parties must be effected before a compensation order is deemed "filed." We hold that it must, and remand Nealon's case to the Benefits Review Board with instructions to remand to the Administrative Law Judge for an evidentiary hearing as to when and whether Nealon was served with the order that he sought to appeal to the Board.

## I. FACTS

Robert Nealon was injured in August, 1988, while employed as a longshore worker by California Stevedore & Ballast Company ("California Stevedore"). He filed a claim for benefits under the Longshore and Harbor Workers' Compensation Act ("Longshore Act"), 33 U.S.C. § 901 *et seq.* California Stevedore contested the claim. The Administrative Law Judge ("ALJ") found that Nealon's injury occurred at a location not covered under the Longshore Act, and filed an order denying the claim.

Nealon timely moved for reconsideration of the ALJ's order. In a second order, the ALJ denied his motion. According to the Director of the Office of Workers' Compensation Programs ("Director"), the ALJ's second order was recorded in the Office of the Deputy Commissioner of the Department of Labor and was served on the parties by certified mail on October 24, 1989.[1] However, the Deputy Commissioner is unable to locate a certified mail return receipt, and Nealon contends that neither he nor his attorney received the second order by certified mail.

---

1. On July 12, 1990, the Secretary of Labor changed the Deputy Commissioner's title to District Director. 20 C.F.R. § 702.105. To avoid confusion, we retain the old title throughout this opinion.

Nealon's attorney contends that he first received a copy of that order on November 7, 1989.

By statute, a claimant must file a notice of appeal from an ALJ's order within thirty days of the day the order is "filed." 33 U.S.C. § 921(a). Nealon argues that service on the claimant and the employer must take place before "filing" can occur. He therefore contends that his notice of appeal, which was filed twenty-two days after his attorney's actual receipt of the second order, was timely. The Benefits Review Board ("Board"), however, ruled that service is not required prior to "filing," but that, rather, an appeal is filed when the Office of the Deputy Commissioner records the ALJ's order, whether or not the parties have been served. The Board noted that Nealon's notice of appeal was filed thirty-six days after the second order was recorded, and dismissed Nealon's appeal as untimely. Nealon petitions for review by this court.[2]

## II. STANDARD OF REVIEW

■ We review the Board's decision for errors of law. *Chavez v. Director, OWCP,* 961 F.2d 1409, 1413 (9th Cir.1992). Because the Board is not a policy-making body, we accord no special deference to its interpretation of the Longshore Act. *Stevens v. Director, OWCP,* 909 F.2d 1256, 1257 (9th Cir. 1990), *cert. denied sub nom. Lockheed Shipbuilding Co. v. Director, OWCP,* 498 U.S. 1073, 111 S.Ct. 798, 112 L.Ed.2d 860 (1991). We do defer, however, to the Director's interpretation of the Act to one degree or another in most cases. *See Port of Portland v. Director, OWCP,* 932 F.2d 836, 838 (9th Cir.1991); *but see Chavez, supra.* Here, we do so only if the Director's view is reasonable.

■ The leading case on deference to administrative decision-making is *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). That case does not clearly answer the question when a court reviews an agency action under the arbitrary and capricious standard and when it does so under the reasonableness standard.[3] We need not consider the more arcane aspects of the distinction here, however, for in this case our decision is simple. Our traditional deference to agency interpretations is based on our respect for the special competence of an administrative agency to interpret a statutory provision concerning its own area of expertise. *See Chevron,* 467 U.S. at 844–45, 104 S.Ct. at 2782–83. Procedural issues of timeliness, however, do not implicate that special competence. We therefore consider the Director's construction of the Longshore Act and its supporting regulation under the less deferential *Chevron* standard—whether the interpretation is reasonable. *Id.*

## III. DISCUSSION

### A. Statutory Language

■ Under the Longshore Act, a claimant has a thirty-day period within which an appeal must be taken, or it is lost. 33 U.S.C. § 921(a). The running of that period is triggered by the filing of the ALJ's order "as provided in section 919." *Id.*[4] Section 919

---

2. Nealon raises two issues in his petition for review: that the Board erred as a matter of statutory interpretation, and that the Board's decision deprived him of due process. Because we reverse on statutory grounds, we do not reach Nealon's due process claim.

3. *Chevron* provides:

The power of an administrative agency to administer a congressionally created program necessarily requires the formulation of policy and the making of rules to fill any gap left, implicitly or explicitly, by Congress. If Congress has explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation. Such legislative

regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute. Sometimes the legislative delegation to an agency on a particular question is implicit rather than explicit. In such a case, a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency.

*Chevron,* 467 U.S. at 843–44, 104 S.Ct. at 2782 (internal quotation omitted; internal ellipsis omitted; citation omitted; footnote omitted).

4. The full text of § 921(a) reads:

A compensation order shall become effective when filed in the office of the deputy commissioner as provided in section 919 of this title,

governs both the submission of the ALJ's order to the deputy commissioner and the notice of the order that must be provided to the parties. It states that "[t]he order rejecting the claim or making the award ... shall be filed in the office of the deputy commissioner, and a copy thereof shall be sent by registered mail or by certified mail to the claimant and to the employer at the last known address of each." 33 U.S.C. § 919(e).[5] Thus, § 921(a) requires, as a condition for the running of the period for perfecting an appeal, that the ALJ's order be filed "as provided in section 919," which in turn requires that the order be both 1) submitted to the Deputy Commissioner and 2) served on the parties.

We recognize that the statutory language is highly ambiguous and that it does not, on its face, clearly answer the question whether the claimant and the employer must be served before an order may be considered "filed." *See Chevron*, 467 U.S. at 842–43, 104 S.Ct. at 2781 (in interpreting a statute, a court's first inquiry is whether Congress has made its intent clear). However, we are not the first court to consider that question. There is a long history of statutory construction and administrative interpretation that guides our answer in this case.

■ Significant portions of the Longshore Act have been incorporated unchanged in the Black Lung Benefits Act ("the Black Lung Act"), 30 U.S.C. § 901 *et seq. See* 30 U.S.C. § 932(a) (adopting parts of the Longshore Act "except as otherwise provided ... by regulations of the Secretary [of Labor]"). Sections 919 and 921(a) are among the provisions adopted. *Id.* Thus, the Longshore Act and the Black Lung Act contain identical statutory language regarding the filing of a compensation order. As explained below, courts that have considered the issue have uniformly held that the Longshore Act language, as incorporated into the Black Lung Act, requires that a compensation order be served on the parties before it may be con-

sidered filed. Were we to choose the Director's reading of the Longshore Act, we would be forced to hold that the identical statutory language, used in two different acts with similar statutory purposes, may be construed in directly opposite manners. We can find nothing to support the proposition that the two Acts require—or permit—such opposing definitions of the term "filing." Construing the identical filing provision of the Black Lung Act and the Longshore Act in conflicting ways would be both paradoxical and unreasonable.

■ Conflicting definitions would also thwart the legislative goal that underlies the two statutes. The purpose of the Longshore Act, like the purpose of the Black Lung Act, is to deliver benefits to injured workers. *See Fleetwood v. Newport News Shipbuilding and Dry Dock Co.*, 776 F.2d 1225, 1228–29 (4th Cir.1985) (Longshore Act); *Director, OWCP v. Robertson*, 625 F.2d 873, 878 (9th Cir.1980) (Longshore Act); *Director, OWCP v. Peabody Coal Co.*, 554 F.2d 310, 325 (7th Cir.1977) (Black Lung Act). The Longshore Act "must be liberally construed in conformance with its purpose, and in a way which avoids harsh and incongruous results." *Reed v. Steamship Yaka*, 373 U.S. 410, 415, 83 S.Ct. 1349, 1353, 10 L.Ed.2d 448 (1963) (quotation omitted). We would be frustrating the intent of Congress were we to interpret the provision in the Black Lung Act in a way that fulfills that purpose while, at the same time, interpreting the same language in the Longshore Act in exactly the opposite way. To do so would negate the Congressional purpose underlying the Longshore Act and would unquestionably be unreasonable.

### B. Case Law

As discussed above, the Longshore Act and the Black Lung Act contain identical statutory language regarding the filing of a compensation order. The circuits that have considered the effect of this language in cases arising under the Black Lung Act have

---

and, unless proceedings for the suspension or setting aside of such order are instituted as provided in subdivision (b) of this section, shall become final at the expiration of the thirtieth day thereafter.

33 U.S.C. § 921(a).

5. Subsection (e) is the only part of § 919 that mentions filing of the ALJ's order.

held that a compensation order must be served on the claimant and the employer before it can be deemed filed. *Jewell Smokeless Coal Corp. v. Looney*, 892 F.2d 366, 369 (4th Cir.1989); *Patton v. Director, OWCP*, 763 F.2d 553, 557 (3d Cir.1985); *Youghiogheny and Ohio Coal Co. v. Benefits Review Board*, 745 F.2d 380, 382 (6th Cir. 1984). These are Black Lung cases, but, as we have already suggested, we find no basis for construing the identical statutory language as having an opposite meaning in Longshore Act cases.

In ruling that Nealon's appeal was time-barred, the Benefits Review Board relied on two Longshore Act cases, *Jeffboat, Inc. v. Mann*, 875 F.2d 660 (7th Cir.1989), and *Insurance Co. of North America v. Gee*, 702 F.2d 411 (2d Cir.1983). However, as the Director concedes, neither *Jeffboat* nor *Gee* addressed the issue whether a compensation order must be served on the *claimant and the employer* before the order may be considered filed. Rather, both cases treated the issue whether service on *counsel* is required before filing may be considered complete. Indeed, both cases assumed that, under the Longshore Act, "filing" *includes* service on the claimant and the employer. *Jeffboat*, 875 F.2d at 662; *Gee*, 702 F.2d at 414. After *Jeffboat* was decided, the Seventh Circuit cited it for the proposition that "[w]hether § 919(e) requires proper service of a decision before it is considered 'filed' is an unsettled question in this circuit." *Old Ben Coal Co. v. Jones*, 897 F.2d 900, 902 (7th Cir.1990). Neither *Gee* nor *Jeffboat* supports the proposition that the Longshore Act's requirements for filing an order differ in any respect from those of the Black Lung Act.

In sum, the law of the circuits is uniform. There is no case that even suggests that the Longshore Act does not require service on

the claimant and the employer as part of "filing." *Jewell, Patton,* and *Youghiogheny* hold that the language of the Longshore Act as incorporated in the Black Lung Act does require such service. *Jeffboat* and *Gee* assume that such service is required. The case law clearly supports Nealon's position.

## C. Longshore and Black Lung Regulations

■ The statutory provisions of the Longshore Act and the Black Lung Act that pertain to the filing of a compensation order have been implemented by regulation. The Secretary of Labor is responsible for promulgating regulations to implement both Acts. 30 U.S.C. § 936(a) (Black Lung Act); 33 U.S.C. § 939(a) (Longshore Act). The Secretary's regulation implementing the Black Lung Act requires that the ALJ serve the compensation order on the parties by certified mail and, on the same day, return the record of the claim to the Division of Coal Mine Worker's Compensation. 20 C.F.R. § 725.478 ("the Black Lung regulation").[6] All of the courts that have construed the Black Lung regulation have held that, under the regulation as well as the statute, the order may be considered filed only after the service requirement is met. *See Old Ben Coal Co., supra; Jewell, supra; Patton, supra; Youghiogheny, supra.* The Secretary does not dispute this construction.

The regulation that the Secretary has promulgated to implement the identical statutory provision in the Longshore Act is ambiguous, however. It requires that the Deputy Commissioner, after receiving the ALJ's order, date and file it, and, on the same day, send a copy by certified mail to the parties and their representatives, if any. 20 C.F.R.

6. The regulation reads in full:

On the date of issuance of a decision and order under § 725.477, the administrative law judge shall serve the decision and order on all parties to the claim by certified mail. On the same date, the original record of the claim shall be returned to the [Division of Coal Mine Workers' Compensation] in Washington, D.C., and the decision and order shall be considered to be filed in the office of the deputy commissioner. Immediately upon receipt of a deci-

sion and order awarding benefits, the deputy commissioner shall compute the amount of benefits due, including any interest or penalties, and the amount of reimbursement owed the Fund, if any, and so notify the parties. Any computation made by the deputy commissioner under this paragraph shall strictly observe the terms of the award made by the administrative judge.

20 C.F.R. § 725.478.

§ 702.349 ("the Longshore regulation").[7] It is on the Longshore regulation that the Director bases his view that the Longshore Act does not require service on the parties before a compensation order may be deemed filed.[8]

The Director's interpretation would be plausible were one to look only to the face of the regulation. However, in this case, that is far from enough. The Director implies that the Longshore Act regulation and Black Lung regulation constitute substantive determinations as to when a compensation order may be considered filed. That is incorrect. The regulations are procedural, not substantive. They cannot establish the acts that must be performed before an order is deemed filed; the statute does that. The regulations fill in the details of the procedure the Secretary's subordinates are to follow once the ALJ has reached a decision. They constitute directions to each administrator concerned as to how to perform his or her duties under and in accordance with the specific requirements of the applicable statutes. *Cf. Trent Coal, Inc. v. Day*, 739 F.2d 116, 117 (3d Cir.1984) (characterizing the Black Lung regulation as a "housekeeping" regulation). While the Black Lung regulation is clearer on its face than the Longshore regulation, neither purports to decide—or even treat—the question when "filing" occurs.

In sum, although the Longshore regulation is more opaque than the Black Lung regulation, we cannot find reason in its opacity to give it a meaning opposite to that given the Black Lung regulation by the Secretary and the courts. To read the Longshore regulation in a way antithetical to the Black Lung regulation would be to construe it in an arbitrary fashion—to create a conflict between two statutes where none exists. We seek to avoid such an arbitrary construction, and, accordingly, construe the Longshore regulation in a way that harmonizes it with, rather than makes it inconsistent with, the Black Lung regulation.

### D. Prior Board Practice

The Benefits Review Board's decision is particularly indefensible because the Board itself used to apply to Longshore Act cases the rule it now contends is applicable only in Black Lung cases. In the Third, Fourth, and Sixth Circuits, the Board used to require service in Longshore Act cases before it considered filing complete.[9] *Ray v. Assoc. Electric Cooperative Inc.*, BRB No. 89–1318 BLA, slip op. at 2 (1990). Because it believed that *Gee, supra*, established a contrary rule for the Second Circuit, it initially deemed service unnecessary to complete filing there. *Ray*, BRB No. 89–1318, slip op. at 2. The Board subsequently decided to

7. 20 C.F.R. § 702.349 reads in full:

The administrative law judge shall, within 20 days after the official termination of the hearing, deliver by mail, or otherwise, to the office of the [deputy commissioner] having original jurisdiction, the transcript of the hearing, other documents or pleadings filed with him with respect to the claim, together with his signed compensation order. Upon receipt thereof, the [deputy commissioner], being the official custodian of all records with respect to such claims within his jurisdiction, shall formally date and file the transcript, pleadings, and compensation order (original) in his office. Such filing shall be accomplished by the close of business on the next succeeding working day, and the [deputy commissioner] shall, on the same day as the filing was accomplished, send by certified mail a copy of the compensation order to the parties and to representatives of the parties, if any. Appended to each such copy shall be a paragraph entitled "proof of service" containing the certification of the [deputy commissioner] that the copies were mailed on the date stated, to each of the parties and their representatives, as shown in such paragraph.

20 C.F.R. § 702.349.

8. As noted above, the Secretary of Labor is authorized to promulgate regulations modifying the provisions of the Longshore Act as incorporated by the Black Lung Act. 30 U.S.C. § 932(a). However, no court has ever suggested that the Longshore regulation is mandated by statute and that the Black Lung regulation is a product of the Secretary's discretionary power. Even counsel for the Director, at oral argument, declined to adopt such a position, committing herself instead only to the proposition that the Director's interpretation of the Longshore regulation is reasonable.

9. It applied the Black Lung rule to Longshore Act cases in those circuits because those circuits had interpreted the Black Lung Act and its supporting regulation to require service on the parties before filing was considered complete. *Patton, supra; Youghiogheny, supra; Pendleton v. Director, OWCP*, No. 85–1692, 785 F.2d 305 (4th Cir. Jan. 31, 1986) (unpublished disposition).

make its rule for the Second Circuit universal. It did so after it interpreted the Seventh Circuit's decision in *Jeffboat, supra,* to hold that filing did not require service in Longshore Act cases. *Ray,* BRB No. 89–1318, slip op. at 4. However, the Board simply misread both *Gee* and *Jeffboat.* As we have pointed out above, neither case considered the question at issue here, and neither supports the rule that filing in Longshore Act cases may be completed even though the claimant and the employer have not been served. Both deal only with the question of service on counsel. Thus, the Board's abandonment of its prior practice of construing the identical provisions of the Black Lung Act and Longshore Act identically in the Third, Fourth, and Sixth Circuits was the product of a legal error. The Board's prior practice was correct and statutorily mandated.[10]

## IV. CONCLUSION

We reverse and remand the decision of the Benefits Review Board. In order to determine the date on which the ALJ's second order was filed, we instruct the Board to remand to the ALJ for an evidentiary hearing to determine whether Nealon was served with the ALJ's second order, and, if he was, the date on which service was made. We assume that the Board will perform this function, as it does all others, in light of the Longshore Act's "overall humanitarian policy ... that all doubtful questions of fact be resolved in favor of the injured employee." *Force v. Director, OWCP,* 938 F.2d 981, 985 (9th Cir.1991) (citation omitted).

10. We recognize that a bright-line rule might prevent the unexpected resurrection of a claim, or an opposition to a claim. *See Youghiogheny, supra* (employer permitted to appeal four years after date of compensation award because it was not served with decision). However, the delay in finality in *some* cases is, in our view, more than balanced by the secure knowledge that in *all* cases neither the claimant nor the employer will be foreclosed from appeal because the appeal period has run before the ALJ's decision has reached the parties. (It may at a future date become necessary to add to the rule we now adopt a requirement of reasonable inquiry. However, it is not necessary to do so on the facts before us.) As this discussion makes clear, and as counsel for California Stevedore conceded at

**REVERSED AND REMANDED WITH INSTRUCTIONS.**

oral argument, our rule, like the identical Black Lung rule, benefits the employer just as it does the employee. *See Old Ben Coal Co., supra* (employer's appeal reinstated because service improperly made and notice of appeal filed within thirty days of actual receipt of order); *Jewell, supra* (same); *Youghiogheny, supra* (same). The decision of the Benefits Review Board carried the power to inflict great hardship on Nealon in this case; in another case, it might be the employer who feels the sting of foreclosure from appeal.

