29 F.3d 513
 1995 A.M.C. 912
 STEVEDORING SERVICES OF AMERICA; Eagle Pacific Insurance
Company, Petitioners,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor; Frank Mattera; Long
Beach Container Terminal; and Signal
Administration, Inc., Respondents.
 No. 92-70627.
 United States Court of Appeals,
Ninth Circuit.
 Submitted May 3, 1994*.
Decided July 15, 1994.
 
 Robert E. Babcock, Littler, Mendelson, Fastiff & Tichy, Portland, OR, for petitioners.
 
 
 1
 LuAnn Kressley, U.S. Dept. of Labor, Office of the Sol., Washington, DC, for respondent, Director, Office of Workers' Compensation Programs.
 
 
 2
 Richard Mark Baker, Cantrell, Green Pekich, Cruz & McCort, Long Beach, CA, for respondent, Frank Mattera.
 
 
 3
 Jack Williams, Glendale, CA, for respondent, Long Beach Container Terminal and Signal Admin., Inc.
 
 
 4
 Petition for Review of an Order of the Benefits Review Board.
 
 
 5
 Before: ALARCON, NORRIS and LEAVY, Circuit Judges.
 
 LEAVY, Circuit Judge:
 
 6
 Petitioners Stevedoring Services of America and Eagle Pacific Insurance Company (Stevedoring) seek review of a decision of the Workers' Compensation Benefits Review Board ("the Board"). Stevedoring filed the petition with us more than 60 days after the Board made its determination but less than 60 days after it learned of the decision. We hold that the 60-day limitation period begins running when the Board made its decision, regardless of actual notice. Therefore, we dismiss the petition as untimely.
 
 FACTS AND PRIOR PROCEEDINGS
 
 7
 In November 1987, Frank Mattera (Mattera) severely injured his right shoulder while working for Stevedoring. Dr. David Morrison recommended that Mattera not return to work. Because Mattera's shoulder was not healing properly, Dr. Morrison performed surgery in February 1988. Stevedoring paid Mattera benefits for temporary total disability until May 1988. Mattera returned to work by taking a job at Long Beach Container Terminal (Long Beach) on May 16, 1988. Two days later, Mattera experienced pain in his right shoulder. He completed his shift and went to Dr. Morrison's office the next morning.
 
 
 8
 Again Dr. Morrison determined that Mattera was temporarily totally disabled. Dr. Steven Nagelberg performed a second surgery on the shoulder in October 1988. After a successful recovery, Mattera returned to work in January 1989.
 
 
 9
 Mattera filed for benefits under the Longshore and Harbor Workers' Compensation Act (the Act), 33 U.S.C. Secs. 901, et seq.[1] Both Stevedoring and Long Beach argued that the other was responsible for Mattera's medical expenses and disability benefits payable after May 18, 1988. A formal hearing was held before an administrative law judge in September 1989. In January 1990, the administrative law judge determined that Stevedoring was responsible for all of Mattera's benefits because the pain Mattera experienced while working for Long Beach was not the result of a new injury.
 
 
 10
 Stevedoring appealed the administrative law judge's decision to the Board. On May 28, 1992, the Board affirmed the administrative law judge's decision. That same day, the Clerk of the Board certified that the Board's decision had been sent by certified mail to counsel for all three parties as well as to Mattera and Long Beach. Stevedoring and an insurance company were omitted from those listed on the service certificate. Stevedoring's counsel asserts that he did not receive a copy of the decision. He first learned of it (the record does not disclose how) on August 4, 1992. Stevedoring filed this appeal on September 14, 1992.
 
 
 11
 A motions panel of this court previously granted Mattera's and Long Beach's motion to dismiss the appeal for lack of jurisdiction on the ground that the appeal was not timely filed. Later the panel vacated the dismissal and reinstated the appeal. After a thorough review of the law and facts, we again dismiss this appeal as untimely.
 
 ANALYSIS
 
 12
 Stevedoring asserts that its petition for review was timely filed because it filed it within 60 days of when its counsel first learned of the Board's decision. Under 33 U.S.C. Sec. 921(c), a person adversely affected may appeal the Board's decision by filing a petition within 60 days "following the issuance of such Board order."[2] At issue in this appeal is the meaning of the word "issuance" as used in Sec. 921(c). If "issuance" occurred on the date the Board filed its decision with the Clerk, the petition is untimely. If "issuance" occurred on the date the parties learned of the decision, the petition for review is timely.
 
 
 13
 Stevedoring argues that Nealon v. California Stevedore & Ballast Co., 996 F.2d 966 (9th Cir.1993) controls the issue. In Nealon, we faced the issue of the definition of the word "filed" under 33 U.S.C. Secs. 921(a) and 919(e), which dictate the procedural requirements for an appeal of an administrative law judge's decision to the Board. We held that under 33 U.S.C. Secs. 921(a) and 919(e) the word "filed" means both (1) filed in the office of the deputy commissioner, and (2) served on the parties. Stevedoring would like us to hold that "issuance" under Sec. 921(c) and its regulations has the same meaning as "filed" under Secs. 921(a) and 919(e). Section 921(a) provides:
 
 
 14
 A compensation order shall become effective when filed in the office of the deputy commissioner as provided in section 919 of this title, and, unless proceedings for the suspension or setting aside of such order are instituted as provided in subdivision (b) of this section, shall become final at the expiration of the thirtieth day thereafter.
 
 Section 919(e) provides:
 
 15
 The order rejecting the claim or making the award ... shall be filed in the office of the deputy commissioner, and a copy thereof shall be sent by registered mail or by certified mail to the claimant and to the employer at the last known address of each.
 
 
 16
 The regulations under Sec. 921(c) provide in relevant part:
 
 
 17
 The original of the decision shall be filed with the Clerk of the Board. A copy of the Board's decision shall be sent by certified mail or otherwise presented to all parties to the appeal and the Director.
 
 
 18
 20 C.F.R. Sec. 802.403(b).
 
 
 19
 Within 60 days after a decision by the Board has been filed pursuant to Sec. 802.403(b), any party adversely affected or aggrieved by such decision may file a petition for review with the appropriate U.S. Court of Appeals pursuant to section 21(c).
 
 
 20
 20 C.F.R. Sec. 802.410(a). Stevedoring concludes, without discussing the different sections, that the language of Secs. 921(a) and 919(e) is so similar to the language in Sec. 921(c) and its regulations, that Nealon also controls the issue under Sec. 921(c).
 
 
 21
 Section 921(a) controls appeals of an administrative law judge's opinion to the Board. Section 921(c) controls appeals of the Board's decisions to the federal courts of appeals. Every circuit that has decided the issue of whether "filing" under Sec. 921(a) required service on the parties has held that it does. Nealon; Jewell Smokeless Coal Corp. v. Looney, 892 F.2d 366, 396 (4th Cir.1989); Patton v. Director, OWCP, 763 F.2d 553, 556-557 (3d Cir.1985); Youghiogheny and Ohio Coal Co. v. Benefits Review Board, 745 F.2d 380, 382 (6th Cir.1984).
 
 
 22
 On the other hand, every circuit that has faced the definition of "issuance" in Sec. 921(c) has determined that it means filing with the Board's clerk and nothing more. Brown v. Director, OWCP, 864 F.2d 120, 123 (11th Cir.1989); Danko v. Director, OWCP, 846 F.2d 366, 369 (6th Cir.1988); Butcher v. Big Mountain Coal, Inc., 802 F.2d 1506, 1507-08 (4th Cir.1986); Clay v. Director, OWCP, 748 F.2d 501, 502-03 (8th Cir.1984); Pittston Stevedoring Corp. v. Dellaventura, 544 F.2d 35, 43-44 (2d Cir.1976).[3]
 
 
 23
 This is a court of limited jurisdiction, exercising only those powers delegated to us by Congress. We can review decisions of the Benefits Review Board only when they are brought before us under the conditions and within the time specified by statute.
 
 
 24
 Clay, 748 F.2d at 503. "The sixty-day filing period is a jurisdictional requirement." Felt v. Director, OWCP, 11 F.3d 951, 952 (9th Cir.1993) (emphasis in original). The regulations cannot extend the jurisdictional limits placed on the courts by Congress.
 
 
 25
 In Dellaventura, the Clerk of the Board sent a copy of the Board's decision to the attorney for the employer rather than to the employer. 544 F.2d at 43. The employer filed its notice of appeal after the expiration of the 60-day time period provided for in Sec. 921(c). Id. The employer argued that the Board's decision was not "issued" until "a copy of [it] shall be sent by certified mail or served personally on all parties to the appeal and the Director" as required by the regulations. Id. (internal quotation omitted). The court noted that "[t]he rule does not say when this [notice] should be done." Id. It held "[w]e see no reason not to read 33 U.S.C. Sec. 921(c) as meaning what it says. The policy requiring that appeals be timely taken is so strong that ministerial failures by a clerk cannot be allowed to overcome it." Id. at 44 (citations omitted). The appeal was dismissed as untimely. Id.
 
 
 26
 We agree with this analysis. "Issuance" in Sec. 921(c) means filed with the Clerk of the Board, nothing more. The meaning of "filing" under Secs. 921(a) and 919(e) is irrelevant. This appeal is DISMISSED for lack of jurisdiction because the petition was not timely filed.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 [1]
 All references to code sections are to 33 U.S.C. unless otherwise indicated
 
 
 [2]
 Section 921(c) reads in relevant part:
 Any person adversely affected or aggrieved by a final order of the Board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred, by filing in such court within sixty days following the issuance of such Board order a written petition praying that the order be modified or set aside....
 
 
 [3]
 Interestingly, the Fourth and Sixth Circuits have decided the definition of "filing" under Sec. 921(a) and of "issuance" under Sec. 921(c) without reference to the case in that circuit which decided the other subsection's meaning. These two sets of decisions developed independently and apparently without any reference to one another