**STEVEDORING SERVICES OF AMERICA; Eagle Pacific Insurance Company, Petitioners,**

v.

**DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS; U.S. Department of Labor; Nathan E. Huffman, Respondents.**

No. 99–71269.

Nos. OALJ 91–LHC–1502, OWCP 14–102258, BRB 92–2397.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2001.

Decided March 22, 2001.

Before FERGUSON, TASHIMA and FISHER, Circuit Judges.

## MEMORANDUM *

This case originates out of Nathan Huffman's claim for compensation under the Longshore and Harbor Workers' Compensation Act. Stevedoring Services of America, Huffman's former employer, petitions for review of an award of permanent total disability benefits to Huffman. We have jurisdiction under 33 U.S.C. § 921 and we grant the petition for review.

Huffman suffered a shoulder strain on April 26, 1990 while working for Stevedoring Services and subsequently filed a claim for disability benefits under the Act. At the hearing before the administrative law judge, Huffman claimed that, in addition to his strained shoulder, he suffered from depression caused, in part, by the revelation that his shoulder injury precluded fu-

ture employment as a stevedore. He also claimed that stress associated with the litigation over his disability benefits contributed to his depression.

Testimony relating to the onset of Huffman's alleged depression was, however, conflicting. At one point, Huffman testified that he started going into a depression shortly after he received the shoulder injury in April 1990. At another point, Huffman testified that he became depressed several months later, after three different neurologists told him that he would not be able to return to his former work. In contrast, none of Huffman's doctors noted any depression until November 1991—19 months after the shoulder injury.

The ALJ initially denied Huffman's claim for benefits, but was reversed on appeal by the Benefits Review Board for his failure properly to apply the Act's presumption of coverage under 33 U.S.C. § 920(a). On remand, the ALJ denied benefits a second time, finding that Huffman's reports of depression were not credible and therefore he was not entitled to the Act's presumption of coverage regarding alleged depression. Alternatively, the ALJ found that even if the presumption of coverage had attached, the employer had successfully rebutted the presumption by demonstrating that the alleged depression was not causally related to the covered shoulder injury.

Huffman appealed and the Board again reversed the denial of benefits, holding that the ALJ was required to apply the Act's presumption of coverage to Huffman's depression. In his third Decision and Order, which was affirmed by the Board, the ALJ awarded Huffman permanent total disability benefits based on the Board's mandate.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

442

We review the ALJ's decisions to determine whether his factual findings are supported by "substantial evidence" and to correct any errors of law. *Brady–Hamilton Stevedore Co. v. Director, OWCP,* 58 F.3d 419, 421 (9th Cir.1995). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Lockheed Shipbuilding v. Director, Office of Workers Compensation Programs,* 951 F.2d 1143, 1144 (9th Cir.1991). The ALJ is entitled to determine the credibility of the witnesses, to weigh the evidence, draw his own inferences and is not bound to accept the opinion or theory of any particular medical examiner. *Banks v. Chicago Grain Trimmers Ass'n, Inc.,* 390 U.S. 459, 467, 88 S.Ct. 1140, 20 L.Ed.2d 30(1968). The Board should only interfere with credibility determinations made by the ALJ where they conflict with a clear preponderance of the evidence or where the determinations are inherently incredible or patently unreasonable. *Cordero v. Triple A Machine Shop,* 580 F.2d 1331, 1335 (9th Cir.1978). The Board's interpretation of the Act is not entitled to any special deference. *Nealon v. California Stevedore and Ballast Co.,* 996 F.2d 966, 969 (9th Cir. 1993).

Here, substantial evidence supports the ALJ's finding in his second Decision and Order that Huffman did not suffer from depression. The ALJ rejected Huffman's testimony regarding the alleged depression because Huffman is an admitted liar who submitted falsified income tax returns and had lied to his college to secure a student loan. The ALJ also found Huffman's claim of depression "incredible" in light of the inconsistencies in Huffman's testimony about the onset of his alleged depression, as well as the absence of any medical documentation of depression until 19 months after Huffman claimed it began.

The ALJ was not bound to credit the medical testimony regarding Huffman's depression, because the doctors' opinions of his alleged depression were based entirely on Huffman's subjective reports, which the ALJ had rejected.

Accordingly, in his second Decision and Order the ALJ properly found Huffman was not depressed, and denied his claim for disability benefits. On appeal, the Board improperly interfered with the ALJ's power to find facts and make credibility determinations. Stevedoring Services' petition for review is granted, and the matter is remanded to the Benefits Review Board with directions to reinstate the ALJ's May 21, 1997 Decision and Order on Remand Denying Benefits.

REVERSED.

FERGUSON, Circuit Judge dissenting.

I respectfully dissent. The issue in this case is not complex. Does the claimant suffer a depression which is related to a physical injury at work? The Benefits Review Board held that as a matter of law the claimant has established his depression claim.

At the initial proceedings before the administrative law judge, the employer did not dispute the fact that the claimant had a depression. Furthermore it did not dispute that fact before the Board. The employer only contended that because the claimant's depression did not develop until nineteen months after his physical injury at work and that he had other problems, the depression was not related to his physical injury. In his initial decision, the administrative law judge found as a fact that the claimant suffered from depression, but concluded that it was not work-related.

The Board held that because the employer had not introduced any contrary medical evidence regarding the cause of

the depression, the finding of the administrative law judge that the claimant does not have a work-related depression was an impermissible substitution of his medical judgment for that of the medical providers.

Secondly, the Board held as a matter of law that the claimant is entitled to the presumption of coverage under 33 U.S.C. § 920(a) which provides that in proceedings for the enforcement of a claim for compensation under the Longshore and Harbor Workers' Compensation Act, it shall be presumed, *in the absence of substantial evidence to the contrary* that the claim comes within the provisions of the Act. It is clear that the employer has not introduced substantial evidence to rebut the presumption between the depression and the work-related injury. Therefore, the Board correctly held as a matter of law the depression is work-related.

The Board understands, as well as this court, its duties and responsibilities that fact finding is made by administrative law judges and not appellate review panels. In this case, however, the administrative law judge was in error as a matter of law and the Board performed its proper judicial function in so declaring.

It is undisputed that claimant suffers from a depression and the previous work accident occurred. When that happens, the employer by law has the burden to prove by substantial evidence that the depression was not work-related. The decision of the Benefits Review Board must be affirmed.