**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| THE DUTRA GROUP, INC.; ENSTAR (US) INC., DBA Enstar Administrators for Seabright Insurance Company, | No.   21-71411 |
| | BRB No. 26-0128 |
| Petitioners, | |
| v. | MEMORANDUM* |
| KELLY ZARADNIK; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, | |
| Respondents. | |

On Petition for Review of an Order of the
Benefits Review Board

Argued and Submitted December 9, 2022
Pasadena, California

Before:  BERZON, R. NELSON, and BADE, Circuit Judges.

The Dutra Group and Enstar (US) Inc. (collectively "Dutra") petition for

review from a decision of the Benefits Review Board ("Board") concluding that

the Board lacked jurisdiction to grant a motion filed by Dutra in the absence of a

timely-filed appeal.  "We review the Board's decision for errors of law," *Nealon v.*

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

*Cal. Stevedore & Ballast Co.*, 996 F.2d 966, 969 (9th Cir. 1993) (citing *Chavez v. Dir., Off. of Workers Comp. Programs,* 961 F.2d 1409, 1413 (9th Cir.1992)), applying a de novo standard of review to the legal questions Dutra raises in this petition, including questions involving the interpretation of the Longshore and Harbor Workers' Compensation Act ("Longshore Act"), *see Jordan v. SSA Terminals, LLC*, 973 F.3d 930, 936 (9th Cir. 2020). We deny the petition.

1. The Board correctly held that it lacked jurisdiction to grant Dutra's motion. The Longshore Act provides that "unless proceedings for the suspension or setting aside of" a compensation order "are instituted" in an appeal to the Board, the order "shall become final at the expiration of the thirtieth day" after it is filed. 33 U.S.C. § 921(a); *see also* 33 U.S.C. § 921(b)(3). Thus, a party "has a thirty-day period within which an appeal" to the Board "must be taken, or it is lost." *Nealon*, 996 F.2d at 969. Accordingly, "[a]ny untimely appeal will be summarily dismissed by the Board for lack of jurisdiction." 20 C.F.R. § 802.205(c).

As the Act specifies that the court of appeals has jurisdiction to review "final order[s] of the Board," 33 U.S.C. § 921(c), a party seeking judicial review under the Longshore Act ordinarily must first file a timely appeal to the Board. Where there is a remand to the Administrative Law Judge ("ALJ") for resolution of specified issues, an aggrieved party may file a petition for review in the court of appeals after the Board issues a final order following the ALJ's resolution of the

2

remanded issues.  *See Rhine v. Stevedoring Servs. of Am.*, 596 F.3d 1161, 1165 (9th Cir. 2010); *see also Nat'l Steel & Shipbuilding Co., Inc. v. Dir., Off. of Workers' Comp. Programs* ("*McGregor*"), 703 F.2d 417, 419 n.3 (9th Cir. 1983). So here, after the ALJ issued its order resolving the issues on remand, Dutra could have preserved its ability to obtain judicial review of the Board's 2016 order by timely obtaining a final order from the Board.  But Dutra did not take any action before the Board until after the 30-day deadline for a Board appeal had expired. *See* 33 U.S.C. § 921(a).

Dutra also could have filed a timely petition for review in this court directly from the ALJ's order on remand but did not do that either.  A party aggrieved by an earlier Board order after remand to an ALJ may bypass Board review and file a petition for review in the court of appeals within 60 days from the ALJ's final order on remand.  *See McGregor*, 703 F.2d at 418–19; 33 U.S.C. § 921(c).  Where the Board has already determined the contested issue in an earlier decision, "requiring an appeal to the [Board]" after the ALJ's remand order "would [be] futile; a summary affirmance adhering to a previous ruling in the same case may properly be viewed as a purely ministerial act."  *McGregor*, 703 F.2d at 418.  In such circumstances—which are those here—we have jurisdiction where a party timely petitions for review directly from the ALJ's order on remand.  *See id.* at 418–19.

3

Rather than filing an appeal to the Board within 30 days of the ALJ's decision or petitioning for review in this court within 60 days, Dutra waited until both deadlines had passed to file its motion asking the Board to deem its 2016 order "final." Because the Board's decision had already become final under the statute 30 days after the ALJ order on remand, *see* 33 U.S.C. § 921(a), (b)(3), the Board correctly determined that it lacked jurisdiction to grant Dutra's motion.

2. Dutra's arguments to the contrary do not change our conclusion. Dutra contends that it could not have appealed the ALJ's order to the Board because it was not aggrieved by the order. But Dutra was aggrieved by the overall result of the ALJ order combined with the earlier 2016 Board order, and so it could have appealed. Dutra also could have filed, within 30 days of the ALJ order, the motion it did file and asked that it be considered an appeal. Or it could have proceeded directly to our court pursuant to the procedure we approved in *McGregor*. Regardless, absent any form of a timely appeal, the Board did not err in denying Dutra's motion.

Nor could the Board appropriately have treated the joint stipulation the parties filed with the ALJ as a notice of appeal to the Board. Dutra relies on Board regulations that allow "any written communication which reasonably permits identification of the decision from which an appeal is sought" to satisfy the requirement of a notice of appeal to the Board, 20 C.F.R. § 802.208(b), even where

the notice is filed with the wrong entity, 20 C.F.R. § 802.207(a)(2). But although the joint stipulation discussed Dutra's intent to proceed to the Ninth Circuit, it said nothing about any intent to appeal to the Board. *See Porter v. Kwajalein Servs., Inc.,* 31 Ben. Rev. Bd. Serv. 112 (1997).

Dutra also asserts that, because Zaradnik agreed in the stipulation that it could proceed to the Ninth Circuit and did not oppose Dutra's motion to declare the Board's 2016 decision "final," she has waived any argument that Dutra's Board appeal was untimely. As noted, Dutra indeed could have proceeded to the Ninth Circuit directly, had it done so within 60 days of the ALJ decision; Zaradnik's agreement to that effect did not waive the issue of the timeliness of Dutra's motion to the Board. And regardless, the Board had authority to "raise and decide [] sua sponte" the jurisdictional question whether it had authority to act on Dutra's motion after the ALJ decision had become final under the statute. *See Perkins v. Marine Terminals Corp.,* 673 F.2d 1097, 1100 (9th Cir. 1982).

**PETITION DENIED.**