**DOMINION COAL CORPORATION,**
Petitioner,

v.

**Tommy HONAKER; Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

**No. 93–1585.**

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 8, 1994.

Decided Aug. 31, 1994.

---

**402**

**ARGUED:** Ronald Eugene Gilbertson, Kilcullen, Wilson & Kilcullen, Washington, DC, for petitioner. C. William Mangum, U.S. Dept. of Labor, Washington, DC, for respondent Director; Bobby Steve Belcher, Jr., Wolfe & Farmer, Norton, VA, for respondent Honaker. **ON BRIEF:** Thomas S. Williamson, Jr., Sol. of Labor, Donald S. Shire, Associate Sol., Marta Kusic, Counsel for Appellate Litigation, U.S. Dept. of Labor, Washington, DC, for respondent Director; Vernon M. Williams, Wolfe & Farmer, Norton, VA, for respondent Honaker.

Before NIEMEYER, Circuit Judge, and PHILLIPS, Senior Circuit Judge and ELLIS, United States District Judge for the Eastern District of Virginia, sitting by designation.

Reversed and remanded by published opinion. Judge NIEMEYER wrote the opinion, in which Senior Judge PHILLIPS and District Judge ELLIS joined.

## OPINION

NIEMEYER, Circuit Judge:

When Tommy Honaker, a former coal miner, was denied black lung benefits under the Black Lung Benefits Act by a decision of the Administrative Law Judge ("ALJ"), he appealed that decision to the Benefits Review Board, but only after the applicable statute's 30-day period for appealing had run. Ruling that the appeal was not untimely and that the Board had jurisdiction to hear the case, the Board addressed the merits of Honaker's appeal, reversed the ALJ's decision, and awarded benefits. Because the Board lacked jurisdiction to consider the claim, however, we reverse and remand with instructions to the Board to dismiss Honaker's appeal and reinstate the ALJ's original order.

### I

On December 30, 1976, Tommy Honaker, who had been employed by the Dominion Coal Corporation to work in its coal mines, filed a claim for benefits under Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended by the Black Lung Benefits Act of 1972 and the Black Lung Benefits Reform Act of 1977 (collectively, "the Act"), 30 U.S.C. § 901 et seq. (providing benefits to persons totally disabled due to pneumoconiosis, commonly known as "black lung," arising from coal mine employment).

Following a hearing before the ALJ on October 5, 1987, the ALJ found that Honaker established eighteen years of coal mine employment and the existence of pneumoconiosis through x-ray evidence and arterial blood gas studies, and that Honaker was entitled to a statutory rebuttable interim presumption of total disability due to pneumoconiosis arising from his coal mine employment under 20 C.F.R. §§ 727.203(a)(1), (a)(3). The ALJ also found, after balancing medical opinions, that the employer had rebutted the presumption under 20 C.F.R. § 727.203(b)(2), by demonstrating that although Honaker had some respiratory or pulmonary impairment, that impairment did not prevent him from performing his usual coal mine work or other comparable gainful work. The ALJ issued an opinion and order on January 15, 1988, denying Honaker benefits under the Act.

The ALJ's decision was sent by regular mail both to Honaker's counsel, Gerald Sharp, Esq., and the employer's counsel. A copy was also sent by regular mail to Honaker at Box 403 Main Street, Honaker, Virginia, the address listed on the service sheet. Prior to the decision, however, Honaker had

changed residences and had provided the ALJ with his new address, at Box 90, Rosedale, Virginia. After the decision was mailed, it was also filed in the office of the Deputy Commissioner on February 2, 1988.

Honaker's counsel, Sharp, received his copy of the decision on January 20, 1988. On the same date, Sharp wrote to Honaker, informing him of the adverse decision and of Sharp's withdrawal as counsel. The letter, which was also mailed to Honaker's old address, stated:

> As I am sure you are aware we have received a decision and order denying your claim for Federal Black Lung benefits issued by Judge John J. Forbes, Jr. on January 15, 1988. I am sorry we will not be able to be any further assistance to you in regard to the above and if you would like to go ahead and pick up your file you may do so by dropping by the office at your convenience.

While Honaker claims he did not receive a copy of the ALJ's decision in the mail, he apparently did receive his lawyer's letter because in early February Honaker picked up a copy of his file from Sharp's office. Honaker claims, however, that the file he picked up did not contain a copy of the ALJ's decision. About a month later, on March 4, 1988, Honaker picked up a copy of the ALJ's decision from Sharp. On the same day, Honaker contacted a new law firm to represent him on his appeal, and his new counsel filed a notice of appeal with the Benefits Review Board on March 8, 1988, 48 days after Honaker's counsel received the decision and 35 days after the decision was filed in the office of the Deputy Commissioner.

Dominion Coal filed a motion to dismiss the appeal as untimely, and the Benefits Review Board denied the motion, reasoning that the ALJ's decision had not been sent to the parties by registered or certified mail as required by 33 U.S.C. § 919(e) and by 20 C.F.R. §§ 725.478, 725.479, and 802.205.

On the merits, the Board affirmed the ALJ's findings with respect to the invocation of the interim presumption under 20 C.F.R. §§ 727.203(a)(1), (a)(3), but reversed the ALJ's conclusion that evidence rebutted the presumption under 20 C.F.R. § 727.203(b)(2),

reasoning that the ALJ applied an incorrect legal standard on § 203(b)(2). The Board found that under this Circuit's decision in *Sykes v. Director, OWCP*, 812 F.2d 890 (4th Cir.1987), rendered after the ALJ's order, rebuttal of the interim presumption could only be established by the employer's affirmative showing that the claimant is capable of performing his usual coal mine employment or comparable and gainful employment on the basis of the claimant's total physical condition, not relying solely upon the condition of the claimant's lungs.

This appeal followed.

## II

Dominion Coal contends that Honaker's appeal to the Board was untimely, and that the Board had no jurisdiction to hear the appeal, because the appeal was filed more than 30 days after the ALJ filed his decision in the Deputy Commissioner's office and more than 30 days after it was received by Honaker's counsel. Honaker argues, to the contrary, that because the ALJ's decision was not served by registered or certified mail, as required by 33 U.S.C.§ 919(e), the time for appeal had not yet begun to run when he filed his appeal. The parties agree that if the appeal from the ALJ's decision was not filed within the time specified by statute and regulation, the Board would lack jurisdiction to hear the case and the ALJ's decision would become final. *See* 20 C.F.R. § 802.205(c); *Dawe v. Old Ben Coal Co.*, 754 F.2d 225, 227 (7th Cir.1985).

■ Reading applicable statutes and regulations together, a claimant denied black lung benefits must appeal the decision within 30 days after the decision (1) is filed in the office of the Deputy Commissioner in accordance with 33 U.S.C. § 921(a) *and* (2) is served on the claimant in accordance with 33 U.S.C. § 919(e). *See Jewell Smokeless Coal Corp. v. Looney*, 892 F.2d 366, 369 (4th Cir.1989). Section 21 of the Longshore and Harbor Workers' Compensation Act, which is incorporated into the Black Lung Benefits Act by 30 U.S.C. § 932(a), states:

> A compensation order shall become effective when filed in the office of the deputy

commissioner as provided in section 19 [33 U.S.C.S. § 919], and, unless proceedings for the suspension or setting aside of such order are instituted as provided in subdivision (b)of this section, shall become final at the expiration of the thirtieth day thereafter.

33 U.S.C. § 921(a); *see also* 20 C.F.R. § 725.479. The requirement for service of the ALJ's decision provides:

> The order rejecting the claim or making the award (referred to in this Act as a compensation order) shall be filed in the office of the deputy commissioner, and a copy thereof shall be sent *by registered mail or by certified mail* to the claimant and to the employer at the last known address of each.

33 U.S.C. § 919(e) (emphasis added); *see also* 20 C.F.R. § 725.478. The requirement in § 919(e) of serving the claimant can also be satisfied by serving the claimant's attorney:

> A representative, appointed and qualified as provided in §§ 725.362 and 725.363, may make or give on behalf of the party he or she represents, any request or notice relative to any proceeding before an adjudication officer.... Notice given to any party of any administrative action, determination, or decision, or request to any party for the production of evidence shall be sent to the representative of such party and *such notice or request shall have the same force and effect as if it had been sent to the party represented.*

20 C.F.R. § 725.364 (emphasis added).

In this case, the ALJ's order denying Honaker benefits was served *by regular mail* on Honaker's attorney, who received it on January 20, 1988. The order was also filed with the Deputy Commissioner on February 2, 1988. The question therefore is whether the failure to serve the attorney with registered or certified mail so undermines the service that the 30–day appeal time does not begin to run even after the actual receipt by the attorney through the regular mail.

We addressed a similar question in *Looney,* where the record did not indicate whether the ALJ had sent his decision to the parties via certified mail as required, but did show that the claimant received a copy of the decision by regular mail and that the appeal was noticed within the thirty-day period after its receipt. The Director of the Office of Workers' Compensation Programs argued that the method of service was irrelevant where the claimant actually received a copy of the decision within the thirty days. We rejected that contention, holding that "service of an ALJ's decision upon the parties by certified mail is both a statutory and a regulatory requirement." 892 F.2d at 369. In so holding, we cited with approval the Third Circuit's decision in *Patton v. Director, Office of Workers' Compensation Programs,* 763 F.2d 553, 557 (3d Cir.1985), that "the thirty-day appeal period prescribed by section 921(a) does not begin to run until service is made according to the strictures of section 919(e) and the governing regulations." We added the caveat, however, that in order to prevent the creation of an indefinite time period for taking an appeal, "we might, if called upon to do so by the facts of a particular case, supplement the Third Circuit's formulation by adding a clause 'or until the appealing party has *actually received* the ALJ's decision by regular mail.'" 892 F.2d at 369 (emphasis added).

The case now before us requires us to do precisely that. It is conceded that the ALJ did not serve his order according to the strictures of the regulations, in that he did not send the order via certified or registered mail. But it is also conceded that Honaker's attorney received the ALJ's order on January 20, 1988, and indeed, that Honaker himself became aware of the results of the ALJ's decision a few days later. While the requirement of service of the ALJ's decision by registered or certified mail is mandatory and must be complied with, the purpose of the registered or certified mail process is to avoid the exact question raised here, whether the party received notice of the decision. When the record establishes actual notice, the purpose of the statutory certified mail requirement has been met. Thus, we hold that the 30–day time period for taking an appeal begins with the date when both actual notice is accomplished, if registered or certified mail is not used, and the ALJ's decision is filed with the Deputy Commissioner.

Since Honaker's attorney had actual notice of the decision on January 20 and the decision was filed with the deputy commissioner on February 2, the appeal had to be filed by March 3. Having been filed on March 8, it was untimely.

■ Honaker argues that because Sharp withdrew as his counsel on January 20, 1988, and because Sharp failed to notify him of his right to appeal, the applicable time period should not start to run until he himself had receipt of the opinion, which was on March 4, 1988. Since he filed an appeal on March 8, he maintains, it was well within 30 days.

Honaker's argument suggests that 33 U.S.C. § 919(e), requiring notice *to him*, was not fulfilled until March 4, when he himself received a copy of the ALJ's opinion. But this position fails to account for the notice provided to his attorney on January 20. Under 20 C.F.R. § 725.364, notice to the attorney is deemed to have "the same force and effect" as notice to the party. This is for good reason, as explained by the Third Circuit in *Patton:*

> [R]equiring notification of counsel reflects the important role counsel may play in the decisions to appeal an adverse ruling by the ALJ, and thus *advances the efficiency of the administrative process by directing notice to the person who will likely be responsible for filing an appeal if one is taken.* It also reduces the likelihood that deserving claimants will fail to assert their right to appeal due to simple ignorance of that right. These goals advance the statute's compensatory purpose without placing any additional burden on the agency.

763 F.2d at 560 (emphasis added). Indeed, it may be argued that notice to a claimant's counsel is more effective then mere notice to the claimant, for it is the counsel who will ultimately appeal an adverse order. In any event, the law remains that service on a claimant's attorney operates as service on the claimant.

The withdrawal of counsel tips some of the equities in Honaker's favor, but there are also countervailing equities. Honaker certainly knew of the ALJ's decision shortly after January 20 but did nothing. Honaker's attorney wrote a letter informing Honaker of the adverse decision and inviting him to pick up his file. Because Honaker did pick up the file in early February, the conclusion is inescapable that he did receive the attorney's letter. While it is true, if we accept Honaker's factual position, that he did not receive a copy of the ALJ's decision until March 4, nevertheless he was on notice for more than a month that the decision was adverse and yet failed to retain new counsel during that period.

Because the appeal to the Board was untimely filed, we hold that the Board was without jurisdiction to review the merits of the appeal. Accordingly, we reverse its decision and remand the case with instructions to the Board to dismiss the appeal and reinstate the ALJ's decision as the final order in the case.

*REVERSED AND REMANDED.*