# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 28, 2007

Charles R. Fulbruge III
Clerk

No. 06-60439

CAROL Y. GRANT

Petitioner

v.

DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS, U.S. DEPARTMENT OF LABOR; P&O PORTS TEXAS, INC.

Respondents

On Petition for Review of an Order
of the Benefits Review Board

Before DAVIS, BARKSDALE, and PRADO, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

An Administrative Law Judge (ALJ) dismissed Carol Grant's compensation claim under the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 921(c). The Benefits Review Board (BRB) dismissed her appeal from that order as untimely. Grant contends her appeal was not untimely (indeed, was premature) because the ALJ's order from which she had to appeal was never filed, contrary to 33 U.S.C. § 921(a). Respondent Director, Office of Worker's Compensation Programs (OWCP), agrees with her position. VACATED and REMANDED.

I.

Grant was allegedly injured while working as a longshoreman for P&O Ports Texas, Inc., in Corpus Christi, Texas. Her compensation claim was referred to an ALJ for a hearing, pursuant to 33 U.S.C. § 919(d). The ALJ dismissed Grant's claim on 13 December 2005. The dismissal order was sent by the Office of Administrative Law Judges to the parties via regular mail and to the District Director of the OWCP by express mail. The District Director's office received the ALJ's order on 14 December 2005. Upon receipt of the order, however, the District Director took no further action: he did not formally date and file the order, nor did he serve it on the parties, all contrary to 20 C.F.R. § 702.349.

On 18 January 2006, Grant mailed a notice of appeal to the BRB and mailed a letter to the District Director, inquiring whether his office had served the ALJ's order. By letter dated 25 January 2006, the District Director responded: "The dismissal of your case was served directly by the Office of Administrative Law Judges and was therefore not 'filed' in my office" (emphasis added).

P&O Ports moved to dismiss Grant's appeal for lack of jurisdiction, maintaining her notice of appeal was untimely. The BRB agreed and summarily dismissed the appeal, based on section 21(a) of the LHWCA, 33 U.S.C. § 921(a) and the BRB's Rules of Practice and Procedure, which provide that a notice of appeal must be filed with the BRB within 30 days from the date upon which the decision or order is filed in the Office of the District Director. The BRB stated, without any explanation, that the ALJ's order was "filed in the Office of the District Director" on 14 December 2005 (the day the order was simply received by the District Director). Based on this "filing" date, the BRB ruled Grant's notice of appeal had to have been filed no later than 13 January 2006 and was, therefore, filed five days too late.

II.

Grant adopts the OWCP's brief, which contests the BRB's ruling. At issue is whether the BRB properly interpreted what constitutes the "filing" of a compensation order in the District Director's Office under the LHWCA and its implementing regulations. "This Court conducts a de novo review of the BRB's rulings of law, owing them no deference because the BRB is not a policymaking agency." Avondale Indus., Inc. v. Alario, 355 F.3d 848, 851 (5th Cir. 2003) (quoting Pool Co. v. Cooper, 274 F.3d 173, 177 (5th Cir. 2001)) (internal quotation marks omitted).

On the other hand, Skidmore-level deference may be afforded interpretations of the LHWCA by the OWCP in litigation. See Pool Co., 274 F.3d at 177 n.3 (citing United States v. Mead Corp., 533 U.S. 218, 238 n.19 (2001)). Under Skidmore, the amount of deference given to the OWCP's interpretation "will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control". Mead Corp., 533 U.S. 218, 228 (quoting Skidmore v. Swift & Co., 323 U.S. 134, 140 (1944)) (internal quotation marks omitted). Such deference, however, is not afforded litigation positions taken by the OWCP that are "wholly unsupported by regulations, rulings, or administrative practice". Total Marine Servs., Inc. v. Dir., OWCP, 87 F.3d 774, 777 n.2 (5th Cir. 1996) (quoting Smiley v. Citibank (S.D.), N.A., 517 U.S. 735, 741 (1996)) (internal quotations marks omitted).

The OWCP's interpretation of "filing" in connection with this litigation is in no sense a "'post hoc rationalizatio[n]' advanced by an agency seeking to defend past agency action against attack". Auer v. Robbins, 519 U.S. 452, 462 (1997) (quoting Bowen v. Georgetown Univ. Hosp., 488 U.S. 204, 212 (1988)). Rather, its interpretation is, as discussed infra, entirely consistent with the text of the controlling regulation and the OWCP's prior administrative practice such

that "[t]here is simply no reason to suspect that its interpretation does not reflect the agency's fair and considered judgment on the matter in question". Id. Accordingly, we afford Skidmore deference to the OWCP's interpretation of what, under the LHWCA, constitutes the filing of a compensation order by the District Director.

Section 21(a) of the LHWCA provides that a compensation order becomes effective "when filed . . . as provided in section [19]" of the Act. 33 U.S.C. § 921(a). Once the order is filed (and therefore effective), an aggrieved party must file a notice of appeal within 30 days, or the compensation order becomes final. Id.; see also 20 C.F.R. § 802.205. Because the appeal deadline is jurisdictional, an "untimely appeal must be summarily dismissed, and no equitable relief is permitted". Aetna Cas. & Surety Co. v. Dir., OWCP, 97 F.3d 815, 818 (5th Cir. 1996). Therefore, in determining whether Grant's appeal was properly dismissed as untimely by the BRB, we must determine whether the ALJ's dismissal order was "filed" in accordance with section 19 of the LHWCA.

Section 19 requires that all compensation orders "be filed in the office of the deputy commissioner, and a copy thereof . . . be sent by registered mail or by certified mail to the claimant and to the employer". 33 U.S.C. § 919(e). Section 19 does not define what constitutes "filing" the compensation order, nor does its implementing regulation. That regulation, however, provides additional insight for what is required for filing under section 19. The regulation states:

> Upon receipt [of the compensation order], [1] the district director . . . shall formally date and file the . . . compensation order (original) in his office. Such filing shall be accomplished by the close of business on the next succeeding working day, and [2] the district director shall, on the same day as the filing was accomplished, send by certified mail a copy of the compensation order to the parties and to representatives of the parties, if any.

20 C.F.R. §702.349 (emphasis added).

A.

4

P&O Ports claims the BRB correctly concluded that mere receipt of the compensation order by the District Director on 14 December constituted "filing" under section 19 of the LHWCA. In the alternative, P&O Ports maintains: because, as quoted above, the implementing regulation, 20 C.F.R. § 702.349, requires the District Director to "file" the order no later than "the close of business on the next succeeding working day" after it is received, the compensation order was filed on 15 December and the appeal was still untimely.

1.

The Supreme Court has provided the customary and generally understood meaning of "filing", although in a somewhat circular fashion: "A paper is filed when it is delivered to the proper official and by him received and filed". United States v. Lombardo, 241 U.S. 73, 76 (1916) (citation omitted) (emphasis added). This definition contemplates an affirmative act of filing, that may occur only after the paper has been received. Moreover, in the context of compensation orders, the above-quoted regulation promulgated under section 19 of the LHWCA states: the District Director must "[u]pon receipt . . . formally date and file the . . . compensation order" and "[s]uch filing shall be accomplished by the close of business on the next succeeding working day". 20 C.F.R. § 702.349 (emphasis added). The regulation's plain meaning reveals: (1) filing a compensation order requires a "formal act" by the District Director; and (2) the District Director can only file the order after it is received. Stated differently, mere receipt of the order is insufficient to trigger the 30-day appeals period.

In the normal course of events, the District Director's Office fulfills the formal filing requirement by attaching a Certificate of Filing and Service to the compensation order. See, e.g., Hamilton v. Ingalls Shipbuilding, Inc., 30 BRBS 84 (1996) (describing process). The certificate is signed and dated and certifies the obviously needed definite date of filing from which the appeals period will run. This process is analogous to the appeals process for this court, where the

entry of a district court judgment on that court's docket begins, with a needed date certain, the time period within which a party may appeal a judgment. See FED. R. APP. P. 4(a)(1) (time for filing appeal); see also FED. R. CIV. P. 79(a) (describing entries in civil docket).

The District Director did not take any formal action after he received the compensation order from the ALJ. For example, there is no evidence in the record that a Certificate of Filing and Service was completed; in fact, there is evidence to the contrary. In his above-referenced 25 January 2006 letter to Grant, the District Director stated that, because the ALJ had already served the parties with the order of dismissal, it was "not 'filed' in [the District Director's] office". Therefore, as advanced by the OWCP, to whose interpretation we accord considerable deference in this instance, it is evident, based on the District Director's actions and admission, that the ALJ's order of dismissal was never filed as contemplated by section 19 of the LHWCA.

2.

As noted, P&O Ports asserts in the alternative: because 20 C.F.R. § 702.349 requires the District Director to file the compensation order by the close of business on the next business day after he receives it, then the order must be considered to have been "filed" no later than 15 December. Although the District Director is required to file the order within one business day of receipt, the fact remains that, as discussed above, he did not do so. Because filing requires an affirmative, formal act (which was admittedly not done for Grant's order of dismissal), this contention also fails.

B.

As also discussed supra, section 19's implementing regulation requires the District Director not only to formally date and file the compensation order but also to mail copies of the order to the parties. 20 C.F.R. § 702.349. The OWCP urges: if we hold the ALJ's dismissal order was not properly filed, we need not

reach whether proper service (i.e., mailing) of the order by the District Director upon the claimant is necessary to effectuate "filing". See Sea-Land Serv., Inc. v. Barry, 41 F.3d 903, 908-09 (3d Cir. 1994) (holding that District Director's filing and mailing are "two distinct procedures"); Jeffboat, Inc. v. Mann, 875 F.2d 660, 663 (7th Cir. 1989) (holding proper mailing not part of filing). But see Nealon v. Cal. Stevedore & Ballast Co., 996 F.2d 966, 970-71 (9th Cir. 1993) (holding filing, as provided in section 19, includes service on the parties). As discussed supra, filing requires, at a minimum, formal action by the District Director. Because such action was not completed in the proceeding at hand, it is immaterial for purposes of this appeal whether "filing" under section 19 of the LHWCA also requires service of the order upon the parties by the District Director.

## III.

For the foregoing reasons, because the ALJ's order of dismissal was not "filed" in the Office of the District Director, the 30-day time period for filing a notice of appeal with the BRB has not yet begun. Therefore, Grant's notice of appeal was premature. Accordingly, the BRB's order dismissing her appeal is VACATED, and this matter is REMANDED to the BRB with instructions to require the District Director to file the ALJ's order of dismissal consistent with this opinion.

VACATED and REMANDED.