**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-2113**

QUINTON A. NEAL,

      Petitioner,

     v.

CP&O, LLC; PORTS AMERICA; DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF
LABOR,

      Respondents.

On Petition for Review of an Order of the Benefits Review Board.  (LS-05136722)

Submitted:  May 20, 2021                                      Decided:  May 24, 2021

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Quinton A. Neal, Petitioner Pro Se.  Bradley David Reeser, MASON, MASON,
WALKER & HEDRICK, PC, Newport News, Virginia; William M. Bush, Mark A.
Reinhalter, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for
Respondents.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quinton A. Neal petitions for review of an order of the Benefits Review Board ("Board") granting the motion to dismiss filed by CP&O, LLC, and dismissing as untimely Neal's appeal from an administrative law judge's ("ALJ") decision denying his claim under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 to 950. *See* 33 U.S.C. § 921(c). We deny the petition for review.

Neal was required to appeal the ALJ's decision within 30 days of it being filed in the office of the Deputy Commissioner in accordance with 33 U.S.C. § 921(a), and being served on Neal in accordance with 33 U.S.C. § 919(e). *See Dominion Coal Corp. v. Honaker*, 33 F.3d 401, 403 (4th Cir. 1994). Accordingly, Neal was obliged to file his notice of appeal with the Board by July 27, 2020. However, Neal's letter-form notice of appeal was postmarked August 26, 2020, and received by the Board on September 2, 2020. *See* 20 C.F.R. § 802.221(b) (2021) (providing that postmark date may be considered filing date). The Board thus correctly ruled that Neal's notice of appeal was untimely and that the Board lacked jurisdiction to review the ALJ's decision. *See* 20 C.F.R. § 802.205(c) (2021) (providing that failure to file timely notice of appeal from ALJ's decision "foreclose[s] all rights to review by the Board" and that "[a]ny untimely appeal will be summarily dismissed by the Board for lack of jurisdiction"); *Honaker*, 33 F.3d at 405 (explaining that 30-day appeal period under § 921(a) is jurisdictional); *Townsend v. Dir., Off. of Workers' Comp. Programs*, 743 F.2d 880, 881 n.2 (11th Cir. 1984) (collecting decisions ruling that 30-day appeal period under § 921(a) is jurisdictional).

Before us, Neal does not contest the Board's ruling that his notice of appeal was filed after the appeal period expired. Rather, Neal contends that the Board should have accepted his late-filed appeal because his personal representative experienced health problems during the appeal period. But the Board was powerless to grant Neal such relief. *See* 20 C.F.R. §§ 802.217(a), 802.221(c) (2021) (providing that Board may not grant extension for filing appeal); *Grant v. Dir., Off. of Worker's Comp. Programs*, 502 F.3d 361, 364 (5th Cir. 2007) ("Because the appeal deadline is jurisdictional, an untimely appeal must be summarily dismissed, and no equitable relief is permitted." (internal quotation marks omitted)).

We therefore deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*